IN THE

# Supreme Court of Georgia,

## AT ATLANTA.

## FEBRUARY TERM, 1879.

PRESENT—HIRAM WARNER....... ...CHIEF JUSTICE.
L. E. BLECKLEY............ASSOCIATE "
JAMES JACKSON........... " "

ALLEN *et al.* *vs.* SHARP, guardian, *et al.*

[This case was argued at the last term, and the decision reserved.]

1. Where judgment was recovered against a trustee founded on a note which contained the statement that it was given "for purchase money of house and lot in the town of Forsyth," such description was not sufficient to give a lien for purchase money on any special property so as to take precedence of other judgments against the same defendant.

2. The judgment was not void, and if the house and lot sold were in fact the same for the purchase money of which the note was given, the creditor would have an equitable right to be paid from its proceeds, although the description in the note was not specific. The sheriff is directed to hold the money to give time for such equitable claim to be made, on notice to the other parties.

Judgments. Trusts. Money rule. Lien. Equity. Before Judge HALL. Monroe Superior Court. February Term, 1878.

The sheriff of Monroe county sold certain land under two *fi. fas.*, one in favor of Sharp, guardian, the other in favor of Willingham & Dunn, both against Stone, trustee. Various other *fi. fas.* claimed the proceeds. A rule was brought by Sharp, guardian, and the other claimants became parties. There were three classes of contestants for the fund. (1.) *Fi. fas.* for taxes. (2.) *Fi. fa.* of Sharp, guardian. He brought suit in the short form of complaint against Stone, trustee, on a note given to him by the latter, in which it was stated that it was "for purchase money of house and lot in the town of Forsyth;" judgment was rendered by default, and the *fi. fa.* now claiming issued thereon. (3.) *Fi. fas.* of Allen *et al.* These parties all claimed by virtue of money, lumber, etc., which had been applied to the trust property. These were junior to the *fi. fa.* of Sharp, guardian, but claimed as having a superior lien on the fund. The jury, under the charge of the court, found that the tax *fi. fa.* be first paid, and the balance be applied to the *fi. fa.* of Sharp, guardian. The other claimants moved for a new trial. It was refused, and they excepted.

BERNER & TURNER, for plaintiffs in error, cited as follows: Sharp's judgment void, Code, §§3377, 3378, 3381, 3382; 30 *Ga.*, 648; 56 *Ib.*, 138. This judgment not for purchase money of this lot, Code §2724; 40 *Ga.*, 423; 54 *Ib.*, 502.

J. S. PINCKARD, for defendants, cited Code §§3377, 3382, 3654.

WARNER, Chief Justice.

This case came before the court below on the trial of an issue as to the distribution of money in the sheriff's hands arising from the sale of the property of S. H. Stone, trustee, etc., by virtue of two *fi. fas.*, one in favor of Sharp, guardian, and the other in favor of Willingham & Dunn, against said Stone, trustee, etc. The property sold for the

sum of $535.00. There were other *fi. fas.* placed in the sheriff's hands to claim the money, one in favor of Allen *et al.*, and some tax *fi. fas.* against the defendant. On the trial of the issue, the jury, under the charge of the court, found the following verdict: "We, the jury, find the money subject to city council tax for the years 1874, 1875, 1876, 1877, $60.00, and the remainder of the money to Cyrus H. Sharp, guardian." A motion was made for a new trial on the grounds therein stated, which was overruled, whereupon Willingham & Dunn, and Allen *et al.* excepted.

There is no complaint made in the motion for a new trial, or insisted on here, as to the payment of the tax *fi. fas.* It appears from the evidence in the record that the *fi. fa.* in favor of Sharp is of older date than either of the *fi. fas.* of the other parties claiming the money, but they insist that inasmuch as their *fi. fas.* were issued on judgments rendered against the trust property that was sold according to the sections of the Code, 3377 to 3382, inclusive, and as the Sharp *fi. fa.* was not issued on a judgment rendered against the trust property as required by those sections of the Code, that the same is void, and that their *fi. fas.* are entitled to claim the money in preference to the Sharp *fi. fa.* The reply is that the Sharp judgment was not founded on, or obtained, to enforce any claim against the trust estate for services rendered, or for articles, or property, or money furnished for the use of said estate, but the Sharp judgment was obtained for the purpose of enforcing a lien against property for the payment of the purchase money due therefor as provided by the 3654th section of the Code, and the question is whether the Sharp judgment and the *fi. fa.* which issued thereon were sufficient, according to the previous rulings of this court, to authorize the plaintiff therein to enforce his lien for the purchase money against the proceeds of the sale of the house and lot sold by the sheriff? The declaration of the plaintiff sets out a note made by Stone as trustee for wife, whereby he promised to pay the plaintiff $500.00 for purchase money of house and lot in

the town of Forsyth.   The judgment is rendered against the defendant S. H. Stone, trustee for wife, to be made out of the house and lot named in the note.   There is nothing in the note, nor in the judgment rendered thereon, which identifies any one particular house and lot in the town of Forsyth more than another, and the sheriff would have had just the same authority to enforce the plaintiff's lien for the purchase money against any one house and lot in the town of Forsyth as another, when the *fi. fa.* was placed in his hands for the purpose of being executed, so far as the process itself would indicate.   But it is said the 3654th section of the Code which gives the right, does not require the property to be specially described.   If it was an open question in this court, we should hold according to the general principles of the law, that when a man seeks to create a special lien upon any particular piece of property for a specific purpose by the judgment of a court, that particular piece of property should be described in the judgment with reasonable certainty, and that was the principle recognized and decided in *Hayden vs. Johnson, trustee,* 59 *Ga.,* 104.

But the plaintiff's judgment is not void, and if the money in the sheriff's hands is, in fact, the proceeds of the sale of *the* house and lot in the town of Forsyth, for the purchase money of which the plaintiff's judgment was obtained, then it is equitably entitled to be paid out of the proceeds of the sale of that house and lot, notwithstanding that specific house and lot is not described and set forth in that judgment.   In view of the facts of this case, we reverse the judgment of the court below, with directions that the money be retained in the sheriff's hands, with leave to the plaintiff to prosecute his equitable claim thereto as he may be advised, on giving the other parties in interest reasonable notice thereof.   Let the judgment of the court below be reversed, with directions as hereinbefore indicated.

Judgment reversed with directions.