dence upon them is conflicting, this court will not interfere with the discretion of the court below in granting a first new trial.

Judgment affirmed.

Milner, Akin & Harris, for plaintiff in error.

W. C. Glenn; J. A. Baker, for defendant.

---

*Decisions rendered Tuesday, January 5, 1886.*

---

COLEMAN, SHERIFF, *et al., vs.* SLADE & ETHERIDGE.

MONEY RULE, FROM CLAY. Practice in Superior Court. Equity. Verdict. Decree. Purchase Money. Liens. Charge of Court. Debtor and Creditor. Executions. Evidence. Jury and Jurors. Promissory Notes. Judgments. Money Rule. (Before Judge Willis.)

Jackson, C. J.—When a case is tried on special issues of fact submitted by the court to the jury, it is his duty to submit such issues as will enable him to make a judgment or decree in the case from the verdict and pleadings and the undisputed facts; but he need not sift the jury or enter into particulars; nor need he submit issues requested by counsel, if he has already propounded questions which will draw the same substantial answers from the jury. The issues necessary were submitted in this case.

2. While there may be some conflicting evidence, yet there being sufficient evidence to sustain the finding of the jury, and the presiding judge having approved it, this court will not interfere.

3. That the decree does not follow the verdict and has no evidence to support it, or is contrary to the weight of evidence, or is contrary to law, is neither of them cause for a new trial before the jury. They all go to motions or exceptions concerning the decree; none of them to error in the verdict or cause to set it aside.

4. Where there is a contest over money arising from a sheriff's sale of land, and the plaintiffs in the fi. fa. under which the sale took place claim the fund on the ground that they sold the land to the defendant, gave a bond for title, and upon recovering judgment for the purchase money made, filed and recorded a deed, and caused a levy thereon, under Code, §3654, these facts should be shown, but they may be shown *aliunde*, and it is not necessary that they should be set out on the face of the judgment, pleadings or note sued on, or that a lien should be specified on the face of the declaration or judgment.

(a) This differs from cases of trusts and liens under other section of the Code, in which it has been held that it was necessary to specify the lien, etc. 59 Ga., 104; 62 Id., 183; 65 Id., 417; 56 Id., 138; 68 Id; 269; 63 Id., 477.

5. The third and fourth requests mixed law and facts so confusedly as to have misled the jury and were properly refused. The fifth related to ordinary rules about the credit and force to be given to testimony, and those matters were sufficiently explained in the general charge. The other four did not apply to or elucidate the simple questions of fact to be settled by the jury, and there was no error in declining to grant the new trial because they were not given.

6. There was no error in the charge, "In the first place, were the executions of Slade & Etheridge for the purchase money of the property sold that brought this money into court?" and if so, other specifications of error in the same ground cannot be considered; though, if considered at all, they would show only general complaint of the incompleteness of the charge, with a reiteration of the refusal of requests before complained of.

7. When a debtor sent cotton to his creditor, he could control its application by directing the debt he wished paid; but if he did not do so, then the creditor could apply it where he wished among the debts of the debtor to him.

8. The 18th ground complains of the answer of the jury to a question submitted, and has been disposed of.

9. The nineteenth ground goes to the decree and not the verdict, and is no reason for a new trial of facts by the jury.

10. The twentieth and twenty first grounds repeat the charge of error in the court in ruling that the judgments in favor of Slade & Etheridge against Tumlin are valid against contesting creditors, as also the executions issued theron. The twenty-sixth specifies no reason why they are not valid; and the twenty-first repeats the ground taken in the requests to charge about the specifications necessary in the declaration and judgment to secure the lien for purchase money, already considered and determined. The twenty-second refers to error in the decree, which is no reason for trying facts before the jury again.

11. There was no error in the 23d and 24th grounds of the motion which object to the entries of the sheriff and clerk's upon the executions, showing the record of the deeds, advertisement, etc., in accordance with and fulfillment of §3654 of the Code.

12. There was no error in excluding testimony as to the value of the land from which the fund in court arose. The question was whether

the judgment claiming payment was for purchase money. If so, the land must pay it, if it brings enough, whether the value be great or little.

(a) Grounds of a motion which complain that the court erred in admitting evidence about liens, because irrelevant and secondary, but do not show what those liens were, what was their extent, or whether testimony hurt or not, will not cause a new trial.

13. Jurors cannot impeach their own verdict by depositions after their discharge, for the purpose of showing a misunderstanding of an answer to one of the questions submitted by the court.

14. The notes involved in this case were unconditional contracts in writing, and no issuable plea having been filed, the verdict of a jury would have been a mere formality, and a judgment by the court was not invalid. Code, §5145.

15. Money rules, where creditors of a common debtor contest for their respective rights and priorities of lien, are in the nature of equitable proceedings, and should be determined accordingly; and no irregularities should defeat the real equities of the parties and justice of the case. In this case, equitable results have been reached by the verdict and decree.

Judgment affirmed.

A. Hood & Son; W. C. Worrill; Wells & Turk; Henry McAlpin; Garrard & Meldrim, for plaintiffs in error.

Goetchius & Chappell; W. D. Kiddoo, for defendants.

---

## CROCKETT *vs.* CROCKETT.

EQUITY, FROM BIBB. Res Adjudicata. Deeds. Injunction. Title. Equity. (Before Judge Simmons.)

Jackson, C. J.—1. The reformation of the deed involved in this case with substantially the same facts and instructions, has been passed upon by this court, (Crockett vs. Crockett, September term, 1884), and the ruling there made is the law of the case; nor are there any new facts which make a new case from the one then made.

2. To divest a man of the control, use and occupation of an estate, an interest in which he had voluntarily given to his daughter, because his daughter and himself were at issue touching the quantum of that interest, or the amount of the rents due her, and that, too, in the teeth of the reservation of control in himself in the voluntary conveyance