## McAlpin *vs.* Bailey, sheriff.

Where one took a deed to land to secure a debt, and gave bond to re-convey upon its payment, and subsequently brought suit and recovered a general judgment against the debtor, and filed and had recorded a deed re-conveying the land, and thereupon caused it to be levied on and sold, such judgment was entitled to the fund arising from the sale in preference to an older judgment, rendered since the conveyance to secure the debt was made. It is not necessary that such a judgment should set forth any specific lien or right of priority; but where the facts appear from the untraversed answer of the sheriff, the fund will be awarded to such judgment.

March 23, 1886.

Liens. Judgments. Debtor and Creditor. Pleadings. Before Judge HARDEN. City Court of Savannah. November Term, 1885.

Reported in the decision.

JOHN S. SCHLEY; WOOTEN & MACDONELL, for plaintiff in error.

LAWTON & CUNNINGHAM, for defendant.

BLANDFORD, Justice.

R. B. Reppard borrowed certain moneys from the Railroad Loan Association, and to secure the payment of the same, he conveyed by deed certain parcels of land. The association made a bond to Reppard, conditioned to re-convey to him when the money was paid. After this had taken place, McAlpin brought his action against Reppard and recovered a general judgment. Soon thereafter, the Railroad Loan Association recovered a general judgment against Reppard for the purchase money mentioned in the bond for titles above stated, and filed in the clerk's office of the superior court and had recorded a deed re-conveying the land to Reppard and caused an execution to issue on their judgment and had the land sold. The money being in the hands of the sheriff arising from this sale, McAlpin brought his rule against the sheriff, praying that the money thus in the hands of the sheriff be paid over to him in satisfaction of his judgment and execution. When the foregoing facts were made to appear by the answer of the sheriff, which was not traversed, the court discharged the rule against the sheriff, and McAlpin excepted and assigns the same as error.

The plaintiff in error contends that, as the judgment of the Loan Association is general and does not specifically set forth any lien, or show any reason why it is entitled to preference over older judgments, it must yield to his judgment, which is the older lien.

This precise point was ruled adversely to the plaintiff in error in the case of *Coleman vs. Slade & Etheridge*, decided at the last term of this court. With that decision, we are content, both upon principles of law and equity.

Judgment affirmed.