BENNETT, agent, *v.* McCONNELL, executor.

88  177|
111  666|
88  177|
122  675|

1. A return of *nulla bona* as to personal property made upon a *fi. fa.* issued from a justice's court will serve to keep the judgment from becoming dormant if made by a constable of the county, though not of the district, in which the judgment was rendered and the defendant resides.   *Neal* v. *Brockhan*, 87 *Ga.* 130.   Every such return will be presumed to be based on a search for property, more especially where the fact of search is stated on the face of the return.
2. Where the plaintiff in *fi. fa.* has filed a deed under sections 1969 *et seq.* of the code, for the purpose of having the land levied upon: which had been conveyed to him by his debtor as security for the debt, the sheriff, though the *fi. fa.* issued from a justice's court, may make the levy by virtue of the act of October 17, 1885, without making a search for personal property or making an entry upon the *fi. fa.* that no such property can be found.   The object being to enforce the *fi. fa.* against the specific land pledged to secure the debt, the general rule as to the collection of *fi. fas.* issued from justices' courts does not apply.
3. If the judgment and execution fail to show on their face that the debt was secured by a conveyance of land from the debtor to the

v 88-12

creditor, this will not prevent a sale of the property by virtue of the judgment, as provided for under sections 1969 *et seq.* of the code, but the fact may be made to appear by extrinsic evidence when such sale is resisted by the debtor or his family. *McAlpin* v. *Bailey,* 76 *Ga.* 687.

4. No ground of objection to evidence being properly stated, the objection will not be considered.        *Judgment affirmed.*

December 28, 1891.

Dormant judgment. Levy and sale. Liens. Evidence. Practice. Before Judge HUTCHINS. Gwinnett superior court. March term, 1891.

Two *fi. fas.* in favor of Tilford McConnell against William Stone were levied upon fifty acres of land in the 5th district of Gwinnett county, by the sheriff of that county, on December 31, 1888. Bennett, as agent for the minor children of Stone, interposed a claim. The property was found subject; claimant's motion for a new trial was overruled, and he excepted. The grounds of the motion for new trial insisted upon, besides the general grounds, are as follows:

The court charged that an entry of *nulla bona* of Langly, constable, made October 22, 1883, was legal and valid so as to prevent dormancy. This charge is alleged to be erroneous because the evidence upon the subject was, that Langly was a constable of the 407th district G. M. of Gwinnett county, and defendant Stone resided in the 1295th district; that the entry was made at the direction and request and in the office of the attorney for the plaintiff in *fi. fa.* in the 407th district, so as to authorize the constable to levy the *fi. fa.* upon certain lands of defendant situate in the 1295th district, which was done, but which the court held to be illegal. Movant insists that this entry of *nulla bona* is illegal if made in the 1295th district by a search, or if made in the 407th without one, as there was a lawful constable in the 1295th district, the proper officer to make such entry, and the proper and only place to make a lawful search for prop-

erty of defendant.   The *fi. fas.* were based upon general judgments in the magistrate's court of the 1295th district G. M., obtained April 6, 1876, the suits being upon notes made by Stone to McConnell for "value received in land," and dated January 13, 1876.   These *fi. fas.* did not describe any property or assert any special lien. They were issued April 11, 1876.   Upon each of them were the following entries:   An entry of receipt of costs by the magistrate on April 20, 1878;  the entry of *nulla bona* above referred to;  an entry dated October 22, 1883, of levy by Langly, constable, upon the land in dispute; the entry of the levy by the sheriff upon the same land on December 31, 1888.   It was agreed by counsel for both parties that in October, 1883, there was a regular, qualified and acting constable in the 1295th district.   It was shown that the attorney for plaintiff in *fi. fa.* wrote the entries of October 22, 1883, signed by Langly, constable, and Langly signed them in his office at the direction and request of the attorney.

The court charged that the levy by the sheriff on December 31, 1888, was valid.   Movant alleges that this was error because the act of the General Assembly of October 17, 1885, by virtue of which the sheriff made the levy, conferred no more rights upon sheriffs in executing justices' court processes than were before that time conferred upon constables, and hence a levy upon land without there first being made an entry of *nulla bona* by him, and upon lands out of the militia district in which the sheriff resided (which is true in this case), is illegal and void.

The court, over claimant's objection, allowed plaintiff to introduce in evidence the original summons upon which one of the *fi. fas.* was based, giving copy of the note sued on, the proper mode of proof of which should be by certified transcript, it not appearing that it came from the files in the clerk's office.

The court, over objection of claimant's counsel, allowed to be read in evidence the *fi. fas.* of plaintiff, plaintiff insisting that he had a special lien upon the land, that the *fi. fas.* were issued upon the debt sued to judgment, which was secured by deed, it not appearing upon their face that he was entitled to any special lien, and the property sought to be made specially liable not being described therein.

In the bill of exceptions it is asserted that plaintiff sought to subject the land to which he had held a deed as security, and claimant sought to hold the same for the minors as a twelve months' support. There is no evidence in the record as to the setting apart of a year's support to the minors, nor as to the value of the land. The plaintiff in *fi. fa.* put in evidence a deed from Stone to McConnell conveying the land levied upon, dated January 13, 1876, and a deed from the executors of McConnell back to Stone duly filed in the clerk's office before the levy, and also a bond for titles from McConnell to Stone wherein McConnell bound himself to reconvey the lands described in the deed of Stone to McConnell, upon the payment of the debt therein described, this bond bearing the same date as said deed.

C. H. BRAND, by brief, for plaintiff in error.

S. J. WINN, by brief, *contra*.

