## MARSHALL *v.* CHARLAND, administratrix.

1. After a judgment has been rendered in favor of one merely described as
   "administratrix," without adding the name of any person as intestate,
   it is too late for a claimant of property levied on under such judgment to
   attack the same on the ground that the plaintiff therein was a foreign ad-
   ministratrix and had not filed a copy of her letters of administration in
   the clerk's office before bringing suit.    Indeed, such a judgment is really
   one in favor of the individual so described, and not in her favor in any
   representative capacity.
2. Though a judgment may give to the plaintiff therein a special lien upon
   described realty to which under the pleadings she was not entitled, this
   affords no cause for dismissing the levy upon that realty as the property
   of the defendant in the execution issued· upon such judgment, when it
   appears that the same embraced not only the special lien but also a gen-
   eral lien on all the property of that defendant.
3. Upon the questions of usury involved this case upon its undisputed facts
   is controlled by the decisions of this court in *Hughes* v. *Griswold*, 82 *Ga.*
   299, and *Stansell* v. *Georgia Loan Co.*, 96 *Ga.* 227.

Argued November 1,—Decided November 29, 1899.

Levy and claim.    Before Judge Butt.    Talbot superior court.
March term, 1899.

*J. J. Bull* and *C. J. Thornton,* for plaintiff in error.

*J. H. McGehee,* contra.

Cobb, J. This case appears here now for the second time. When before this court the first time (106 *Ga.* 42), it was held that, as the year's support proceedings were complete before Mrs. Charland's suit was begun, the claimant should have been allowed to introduce evidence for the purpose of showing that the debt of the plaintiff in execution was infected with usury. When the case came on for trial again, the court directed the jury to return a verdict finding the property subject to the execution. The case is here upon a bill of exceptions sued out by the claimant, complaining that the court erred in directing a verdict against her, and of other rulings made during the progress of the trial.

1. The claimant moved the court to dismiss the levy, because no exemplification of the letters of administration of the plaintiff in fi. fa. had been filed with the clerk of the court either before the commencement of the original suit or at any other time. A foreign administrator appointed at the domicile of a person who is a non-resident of this State at the time of his death may sue and enforce, in the courts of Georgia, any right of action in the estate of his intestate, if there be no administrator appointed here. Civil Code, § 3521. When, however, such foreign administrator sees fit to take advantage of the privilege thus granted, it becomes necessary that he should, pending the action, file with the clerk of the court in which the suit is brought a properly authenticated exemplification of his letters of administration. Civil Code, § 3522. It is the right of the defendant in such a case to raise an objection to the suit proceeding, upon the ground that the exemplification of the letters was not filed as required by law. *Mansfield* v. *Turpin*, 32 *Ga.* 260. But we know of no decision of this court which authorizes the defendant or any one else to collaterally attack the judgment upon the ground that the plaintiff had failed to comply with the law in regard to filing an exemplification of his letters of administration. Even if the court should render a judgment without requiring such exemplification to be filed, it would be a mere irregularity and would not make the judgment void, and therefore would not be a proper ground for collaterally attacking it. Moreover, in

the suit brought by Mrs. Charland in which she styled herself "administratrix," the cause of action was upon a negotiable promissory note, which was not payable to the plaintiff's intestate but to another person, and was by such person transferred to the plaintiff as "administratrix," without adding the name of any person as intestate, and the plaintiff brought the suit upon the note as transferee of the same. The suit was therefore in fact one brought by the plaintiff in her individual capacity, and the law above referred to in reference to suits by foreign administrators was really not applicable.

2. It appeared that Marshall, the husband of the claimant, had in his lifetime made and executed a promissory note payable to the Georgia Loan & Trust Company, and to secure the payment of the same had executed and delivered to that company a deed to the lands in controversy; that the note had been transferred to one Johnson, who had in turn transferred the same to Mrs. Charland; that the execution under consideration in the present case was issued upon a judgment rendered in favor of Mrs. Charland upon this note; and that the judgment provided for a special lien upon the property. At the conclusion of the evidence the claimant moved to dismiss the levy, on the ground that no deed from the Georgia Loan & Trust Company to the plaintiff in execution to the lands in controversy had been made and executed prior to the bringing of the suit, and the plaintiff was therefore not entitled to a special lien upon the lands in controversy. The court refused to sustain the motion, and this is one of the errors assigned. While the transfer of the note by the Georgia Loan & Trust Company to Johnson and the subsequent transfer by him to Mrs. Charland did not convey to her the legal title to the land embraced in the deed from Marshall to the trust company, the transfers of the note had the effect of vesting the legal title to the note in Mrs. Charland, and she thereby became in equity entitled to use the title held by the trust company to enforce the payment of the debt represented by the note. Mrs. Charland was entitled to a judgment against the administrator of Marshall upon her debt, and she was also entitled to a judgment declaring that she should have a special lien on the land upon condition that she pro-

cured a proper conveyance to be made by the trust company to the administrator of Marshall in conformity to the bond for titles delivered to Marshall by that company. An unconditional judgment in her favor declaring that she should have a special lien upon the land was irregular, but such irregularity would be no ground for dismissing the levy, provided the Georgia Loan & Trust Company had, after the rendition of the judgment in favor of the plaintiff in fi. fa. and before the levy, executed and filed a deed to the defendant in fi. fa. for the purpose of enabling the plaintiff to enforce the special judgment against the land. *Henry* v. *McAllister*, 93 *Ga.* 667. The record shows that this was done.

Again, the holder of a security deed, who has given bond for titles to his debtor, has a right to obtain judgment against the debtor, file a reconveyance, and levy upon and sell the land, and his judgment is a lien upon the land superior to all liens against the debtor which are subsequent in point of time to the date of the security deed. This priority may be established by recitals in the pleadings and in the judgment, or it may be established whenever necessary by evidence aliunde, when the pleadings and the judgment do not show upon their face the facts necessary to establish the existence of the special lien. *Allen* v. *Sharp*, 62 *Ga.* 183 ; *Coleman* v. *Slade*, 75 *Ga.* 61 ; *McAlpin* v. *Bailey*, 76 *Ga.* 687. Under the ruling made in the case of *Henry* v. *McAllister*, supra, the transferee of a note the payment of which is secured by a deed would have the same priority, provided he obtained from the obligor in the bond a reconveyance to the debtor and filed the same at the time and in the manner prescribed by law. While it would be the better practice in such a case to set out in the pleadings and in the judgment all the facts necessary to sustain a special lien, if the failure to do so may be remedied by evidence aliunde in the one case there seems to be no good reason why it may not be in the other. It follows from the foregoing, that all that is absolutely essential to the establishment of a special lien in favor of the holder of the note the payment of which is secured by a deed is, that there shall be an execution issued upon a judgment rendered on the note, a deed from the original creditor to

the defendant in fi. fa. made, filed, and recorded, and a levy upon the property therein described. Such being the case, where in a claim case the facts necessary to show the existence of the special lien appear, the mere fact that the special lien has been attempted to be set up in the judgment and the same does not appear in all respects regular is no reason for dismissing the levy at the instance of the claimant, when it appears that the judgment rendered on the debt was one setting up a general lien upon all of the property of the debtor, as well as what purported to be a special lien upon the property described in the pleadings.

3. There was no error in directing the jury to return a verdict finding the property subject. The evidence failed to show any usury in the debt upon which the judgment of the plaintiff in fi. fa. was founded. On this question the case is absolutely controlled by the decisions of this court cited in the third headnote.

*Judgment affirmed.    All the Justices concurring.*