TRIPOD PAINT COMPANY *v.* HAMILTON *et al.*         |111b 823|
                                                   |113 1087|

FISH, J.   1.  Where one took a deed to land to secure a debt and gave bond   111   823|
to reconvey upon its payment, and thereafter transferred the written ob-  Case 2|
ligation of the debtor to another, at the same time also conveying to the   122   675|
assignee the title to the land described in the security deed, and subse-
quently such assignee brought suit and recovered a general judgment
against the debtor, and filed and had recorded a deed conveying the land
to him, and then caused it to be levied upon and sold, such judgment
was entitled to the fund arising from the sale in preference to an older
judgment rendered after the security deed was executed.   *McAlpin* v.
*Bailey*, 76 *Ga.* 687.

2   In a contest between the two judgments over the fund realized at the
sheriff's sale, it was not a valid objection to the introduction in evidence
of the deed reconveying the land to the judgment debtor that the verdict
upon which the judgment in favor of the holder of the security deed was
based did not set forth a special lien upon the land, where the existence
of such lien was shown by other competent evidence in the case.   *Coleman* v. *Slade*, 75 *Ga.* 61 ; *McAlpin* v. *Bailey*, supra.

3. The assignee of the written obligation of the debtor to pay the money and of the title conveyed by the deed given to secure its payment took all the rights of the assignor and all the remedies for enforcing the same. *Hunt* v. *New Eng. Mortg. Sec. Co.*, 92 *Ga.* 720.

*Judgment affirmed. All the Justices concurring.*

Argued March 16,— Decided April 10, 1900.

Motion to distribute money.   Before Judge Henry.   Floyd superior court.   July term, 1899.

*Henry Walker*, for plaintiff in error.
*Wright & Hamilton*, contra.