2236. EDENFIELD *et al. v.* BANK OF MILLEN.

1. A city court has jurisdiction to reduce to judgment a debt secured by a deed, as provided in section 5432 of the Civil Code. Neither the rendition of the judgment upon the debt nor any step necessary for that purpose concerns the title to the land. Such a suit is not a "case respecting title to land." The fact that a special lien is prayed for in the petition may be treated as surplusage, and does not affect the jurisdiction of the court.

2. It is not necessary for a corporation, in bringing a suit, to aver that it is a corporation, when its name imports a corporate body, or when the fact of its incorporation is a matter of judicial knowledge. A party will not be heard to deny that the opposite party to a suit is a corporation, where he has dealt with such party as a corporation.

3. The statutory notice given for the purpose of fixing liability for attorney's fees must disclose the holder of the note in whose behalf payment is demanded. A notice which does not expressly state or otherwise disclose who is the holder of a note upon which attorney's fees are sought to be recovered is insufficient to be the basis of a judgment for attorney's fees.

4. Where it appears in the plaintiff's petition, or from exhibits attached thereto, that one of the defendants, designated as an indorser, is in fact a security, the petition may be amended by alleging such obligor to be a security.

Complaint; from city court of Millen—Judge Jones. September 24, 1909.

Submitted December 21, 1909.—Decided April 19, 1910.

*Hill & Anderson,* for plaintiffs in error.

*W. Van Tyler,* contra.

RUSSELL, J. The Bank of Millen obtained a verdict and judgment against the plaintiffs in error, upon certain promissory notes. General exception is taken to the judgment, and error is specially assigned upon certain rulings anteceding the final judgment, and which necessarily controlled it. The defendant demurred to the plaintiff's petition, and also filed a plea to the jurisdiction. The demurrer was overruled, and the plea to the jurisdiction was stricken on motion; and error is assigned upon these rulings. The verdict and judgment contain a finding against the defendants for attorney's fees. We find no error in any of the rulings of the court below, except that a judgment for attorney's fees was unauthorized. The plea to the jurisdiction is based upon the ground that, the petitioner being holder of a deed to secure a debt, and praying the enforcement of a special lien upon real estate, jurisdiction of the subject-matter was vested exclusively in the superior court of Jenkins county. There is no merit in the plea; because it is apparent that the only purpose of the suit was to reduce the notes to judgment; and, as a matter of fact, this was all that was done. It is true that the petition alleges that the defendants, in order to secure the payment of the notes, made deeds to certain real estate described in the petition, as well as to certain personal property set forth, and alleges that the suit is brought for the purpose of asserting the plaintiff's special lien upon said property; but in the same connection it is stated that the plaintiff's purpose is to recover a general judgment against all the defendants. The merit of the plea to the jurisdiction, if any, depends upon whether the suit was one "respecting title to land." If it is, the city court would, of course, be without jurisdiction. Civil Code, § 5842. But if adjudication of the title is clearly not involved, the city court would have full jurisdiction to reduce the plaintiff's demand to judgment. We are clear in the opinion that the plea to the jurisdiction was properly stricken, because the plaintiff's petition is not one respecting title to land. While it is stated that some of the defendants made a deed to the plaintiff, it is also stated that the purpose of the deed was to secure indebtedness. The title can not be involved in the suit; because these allegations are mere surplusage, being unnecessary to protect the plaintiff's rights, after the rendition of a judgment in its favor. The reduction to judgment of a debt secured by a deed under the provisions of section 5432 of the Civil Code

does not bring up the question of title. If the defendant in fi. fa. did not have title at the time he conveyed the property to the creditor, and for that reason the creditor's attempt to put title into him for the purpose of levy and sale was ineffectual, that question would be raised subsequently to the levy. The allegation that the debt was secured by a deed, and the statement that one of the purposes of the suit was to get a special lien, are clearly surplusage, because in any contest over these questions the plaintiff in fi. fa. could show aliunde that the lien of his judgment was superior to that of others, by reason of the fact that his debt had been secured by deed. The city court of Millen had full jurisdiction to reduce to judgment the debt in favor of the plaintiff; and the allegations in regard to the nature of the plaintiff's security, being entirely unnecessary, could be disregarded as surplusage. Section 5432 of the Civil Code confers a right which, it is plain, from the language employed in section 1970 of the Code of 1882, is not required to be enforced in the superior court solely. The language used in section 1970 of the Code of 1882 is, "When any judgment shall be rendered in *any* of the courts of this State," etc. A suit to reduce to judgment in any court in this State a debt which is within its jurisdiction, although the debt may be secured by a deed to realty, is not a suit respecting title to land, nor does it affect the title. Any effect upon a title must develop subsequently to the rendition of the judgment, and is dependent upon whether there is or is not real-estate security.

2. The plaintiffs in error could not be heard to assert that the Bank of Millen was not a corporation; for they had dealt with it as such. But aside from this fact, the demurrer setting up that the petition is defective, because it fails to set out whether the Bank of Millen is a copartnership or a corporation, was not sustainable, because its name imports a corporate body (*Wilson* v. *Sprague Co.,* 55 *Ga.* 673), and furthermore, being chartered by the State, the courts judicially know that the Bank of Millen is a corporation. Another ground of the defendants' demurrer to the petition was that no copy of the alleged security was attached to the petition. From what has already been said, it was unnecessary that any statement should have been made in reference to the nature of the plaintiff's security, and, consequently, unnecessary that the amount of surplusage in the petition should have been increased by the

more specific information called for by the special demurrer. Under the rulings in *Coleman* v. *Slade,* 75 *Ga.* 61 (4), and *McAlpin* v. *Bailey,* 76 *Ga.* 687, where one who has taken a deed to land to secure a debt recovers a judgment against the debtor, it is not necessary that the judgment should set forth its specific lien or right of priority. The fact that the debt was so secured may be shown aliunde. In the *Coleman* case it was held that the fact that the deed was given need not be set out in the judgment or the pleadings, or in the note sued upon, and the lien need not be specified in the declaration or judgment. Upon this subject see also *Bennett* v. *McConnell,* 88 *Ga.* 177 (3), (14 S. E. 208) ; *Marshall* v. *Charland,* 109 *Ga.* 309 (34 S. E. 671) ; *Bush* v. *Bank of Thomasville,* 111 *Ga.* 666 (36 S. E. 900).

3. We think the court should have sustained the third ground of the demurrer, which pointed out that the notices attached to the petition, and by which it was sought to affix liability for attorney's fees upon the defendants, failed to set out the holder or holders of the obligation at the time the notice was given. One purpose of the legislature, in providing that a debtor should have ten days' notice of the creditor's intention to sue him, was to give the debtor an opportunity of paying the note, and thus relieving himself of attorney's fees and costs. If there was a change in the ownership of the note, he might not know to whom he should make payment, unless the notice informed him who was the holder at the time the notice was given. The statement as to who is the holder should be a designation of the person to whom the debtor should make payment. The absence of any statement indicating who really was the holder would render the notice of intention to sue wholly defective. It is not necessary for us to hold that there must be a direct, unequivocal statement designating the holder of the note (though this would certainly be the better practice), but there must at least be some statement which will clearly indicate by necessary implication who the holder is, so that the debtor will know to whom payment is due, for the reason that he may have a counter-claim against one person who might be the holder, or a good defense against another, when he would be obliged to pay a third individual into whose hands the note might have fallen. The notice in the present case accurately and minutely describes the notes given by the defendants, in every respect, except that it does

not indicate in any way who was the payee or holder, and is signed by counsel as "plaintiff's attorney." But as the suit could not be filed until ten days had elapsed (if attorney's fees were to be recovered), there was at the time of the notice no plaintiff. As illustrating what we mean by saying that the holder of the note must at least be clearly indicated, we may say that the notice in the present case would have been sufficient if counsel had signed as attorney for the Bank of Millen. The fact that the defendants knew that they gave to the Bank of Millen notes similar to those described did not compel the inference that the Bank of Millen was the holder of the notes upon which it was sought to hold them liable for attorney's fees; because they might have given notes of the same date and same amount to some other corporation or individual, or the notes they gave the Bank of Millen might have passed into the hands of other holders. To fix liability for attorney's fees upon the makers of a promissory note, or upon indorsers or securities, the statutory notice given for the purpose of fixing liability must in some way disclose the holder of the note, in whose behalf payment is demanded. A notice which does not state who is the holder of the note is insufficient to be the basis of a judgment for attorney's fees.

In *Baskins* v. *Valdosta Bank & Trust Co.*, 5 *Ga. App.* 600 (63 S. E. 648), we held that a statutory notice which stated to whom the note was payable, but did not state whether the original payee or an assignee was the holder at the time of the notice, was insufficient to fix liability for attorney's fees in favor of the assignee. The rule is not affected by the fact that in this case no intimation is given as to who is the possible holder, or even as to who was the original payee. No reason appears why the plaintiff should not have recovered upon the note. But a finding for attorney's fees was 'not warranted. It is useless to remand the case for another trial, because the notice must be given ten days before the suit is filed, and this omission can not now be cured. The judgment is therefore affirmed, with direction that the amount awarded for attorney's fees be stricken from the judgment in the trial court, and that the plaintiffs in error recover of the defendant in error the cost of bringing the case to this court.

*Judgment affirmed, with direction.*