## SPRADLIN et al. v. KRAMER.

1. While it is the better practice, it is not essential, in suits upon notes secured by deed, to specify or declare a lien on the face of the pleadings or the judgment therein, in order to sell the land under execution by filing a deed reconveying the land, and to subject it to the special contract lien. The proof of the special lien "may be made aliunde the face of the judgment or the pleadings on the note sued."

2. Where a general judgment in such suit is obtained, and within four

months next after the rendition thereof, but more than four months after the date and record of the security deed, the debtor is adjudged a bankrupt, the judgment is not, on account of § 67 (f) of the bankruptcy act, invalid and ineffective for the purpose of bringing the property to sale to pay the debt and to subject the property in accordance with the special lien.

FEBRUARY 13, 1917.

Claim to land. Before Judge Freeman. Heard superior court. January 6, 1916.

Mrs. Ruth Kramer obtained a judgment in personam in the city court of Carrollton, upon a promissory note, against J. L. Vaughan. An execution issued and was levied upon certain designated land. A claim was filed by J. W. Spradlin Sr. and J. W. Spradlin Jr.; and they made a motion to dismiss the levy. By consent of counsel for both parties the question of law made by the claim was passed upon in vacation. The court overruled the motion to dismiss the levy, and the claimants excepted. The following is, in substance, the agreed statement of facts:

Mrs. Kramer held a promissory note against J. L. Vaughan, together with a deed to the land in controversy, to secure the note. She obtained a general judgment upon this note against Vaughan (who at the time was insolvent), no reference being made in the judgment to the security deed, and no special lien being set up. Within four months after the date of this judgment Vaughan was adjudicated a bankrupt. After this adjudication a deed was made by Mrs. Kramer, reconveying the land in dispute to Vaughan for the purpose of levy and sale, which deed was duly recorded. The note and claim of Mrs. Kramer was not proved in bankruptcy, nor was the property in question administered by the trustee as a part of the estate of the bankrupt. Prior to the judgment in favor of Mrs. Kramer, Vaughan had parted with his title and possession of the land in controversy by selling it to the claimants in this case, who purchased bona fide and for value. The note sued upon by Mrs. Kramer was given in renewal of one originally made in favor of her deceased husband. In his will her husband bequeathed to his wife, among other things, "all notes, accounts, and judgments that might be owing me at the time of my death, together with all lands, wherever situated, of which I may die seized and possessed, which said lands have been sold by me and bond for title given to the purchaser, and the purchase-money or any

part thereof due me at the time of my death, my purpose being to convey such purchase-money notes to my said wife, together with the security I may hold therefor, and give her full power and authority to execute to the purchaser deeds in accordance with such bonds as I may have given; in case of payment to her, or in case she elects to sue, give her full authority to either bring suit for the land or to sue upon the purchase-money notes and execute to the purchaser, and have same recorded in the office of the clerk of the superior court where the land may lie, a deed for the purpose of levy and sale, as per the requirements of the law in such cases made and provided."

*Smith & Smith* and *Hall & Jones,* for plaintiffs in error.

*S. Holderness* and *C. E. Roop,* contra.

GILBERT. J. (After stating the foregoing facts.)

1. The petition contained no prayer for enforcement of the special lien embraced in the contract. The judgment against Vaughan was general. He was adjudicated a bankrupt within four months from the rendition of the judgment on the notes. A deed of reconveyance was duly executed, delivered, and recorded as provided by the Civil Code. Did the bankruptcy render the judgment against Vaughan void? To answer this question is to decide this case. The judgment of the trial court on the motion to dismiss the levy answered the question in the negative, and in this view we concur. Indeed, the question is not an open one in this State. It is true that bankruptcy discharges a lien of a judgment as against other property; but the judgment is effective for the purpose of bringing the property to sale to pay the debt and to subject the property in accordance with the special lien.

In *Napier* v. *Saulsbury,* 63 *Ga.* 477, it was said: "A judgment intended to have a special lien on specific property, such as a lien upon land for purchase money, *ought* to describe the property." Failure to describe the property in the judgment or to refer to the same either in the judgment or in the pleadings will not have the effect of depriving the creditor of his special lien as agreed upon in the contract, since such lien is not derived from the judgment, nor does the judgment add anything to its force and effect.

"The effect of 67f of the national bankruptcy act is not to avoid the levies and liens therein referred to against all the world, but only as against the trustee in bankruptcy, and those claiming un-

der him, in order that the property may pass to and be distributed among the creditors of the bankrupt." *McKenney* v. *Cheney,* 118 *Ga.* 387 (45 S. E. 433). In analogous cases it has been uniformly held that a court of bankruptcy acquires no jurisdiction of exempt property. *Smith* v. *Zachry,* 121 *Ga.* 467 (49 S. E. 286), s. c. 128 *Ga.* 290 (57 S. E. 513); *Evans* v. *Rounsaville,* 115 *Ga.* 684 (42 S. E. 100). A security deed passes title. Civil Code (1910), § 3306; *Groves* v. *Williams,* 69 *Ga.* 614. When Vaughan was adjudicated a bankrupt he had no legal title to the land, and therefore the bankruptcy court acquired no jurisdiction of this property or of the lien thereon. Cases cited by the plaintiff in error as holding to the contrary, upon examination, will be found not to conflict with the ruling herein made. They apply to liens acquired "by legal proceedings." The lien in this case was not thus acquired, but was obtained by virtue of the contract many months prior to the proceedings in bankruptcy. The authorities cited apply to such liens as attachments, laborer's liens, and the like, which take effect from the date of the levy or filing. "The liens rendered void by § 67f are those obtained by legal proceedings within four months. The section does not, however, defeat rights in the exempt property acquired by contract or by waiver of the exemption." Chicago etc. R. Co. *v.* Hall, 229 U. S. 511, 516 (33 Sup. Ct. 885, 57 L. ed. 1306).

It follows from the foregoing, that all that is absolutely essential to the establishment of a special lien in favor of the holder of the note the payment of which is secured by a deed is, that there shall be an execution issued upon a judgment rendered on the note, a deed from the original creditor to the defendant in fi. fa., made, filed, and recorded, and a levy upon the property therein described. *Marshall* v. *Charland,* 109 *Ga.* 306, 309 (34 S. E. 671). See *Coleman* v. *Slade,* 75 *Ga.* 61, 71; *McAlpin* v. *Bailey,* 76 *Ga.* 687; *Bennett* v. *McConnell,* 88 *Ga.* 177 (14 S. E. 208); *Maddox* v. *Arthur,* 122 *Ga.* 671, 675 (50 S. E. 668); *Gillespie* v. *Hunt,* 145 *Ga.* 490, 493 (89 S. E. 519); *Harvard* v. *Davis,* 145 *Ga.* 580 (89 S. E. 740).

The case of *Austin* v. *Georgia Loan & Trust Co.,* 115 *Ga.* 1 (41 S. E. 264), cited by counsel for the plaintiff in error, was considered by this court in the case of *Maddox* v. *Arthur,* supra, and it was there held that the rulings in the two cases did not conflict.

2.   The ruling in the second headnote requires no elaboration.

*Judgment affirmed.   All the Justices concur.*

ATKINSON, J., concurs in the judgment.