194

EDWARDS *v.* DECATUR BANK & TRUST CO. *et al.*

No. 9166.   December 19, 1932.   Rehearing denied January 14, 1933.

*J. C. & H. E. Edwards,* for plaintiff.
*McMillan & Erwin,* for defendant.

Beck, P. J.   On November 23, 1926, J. C. Edwards gave to Gus C. Edwards a promissory note for the sum of $1,000 principal, and contemporaneously therewith made to Gus C. Edwards a deed to secure the same.   This note, on October 4, 1927, was transferred by Gus C. Edwards to the Decatur Bank and Trust Company for the purpose of securing a loan, and at the same time he transferred the deed to secure debt and conveyed said land to the Decatur Bank and Trust Company.   The note which J. C. Edwards made to Gus C. Edwards was indorsed by H. E. Edwards.   At the August term, 1930, of Habersham superior court, Decatur Bank and Trust Company brought suit on this note against J. C. Edwards as maker, and Gus C. Edwards and H. E. Edwards, as indorsers.   Gus

C. Edwards, by himself and through his attorneys, J. C. Edwards and H. E. Edwards, filed a plea alleging that the indebtedness to said Decatur Bank and Trust Company, instead of being $1,000, was only $400, and at the March term, 1931, judgment was taken on the note for the principal sum of $400, besides interest, cost, and attorney's fees. On June 30, 1931, Decatur Bank and Trust Company, by A. B. Mobley, as superintendent of banks (the Decatur Bank and Trust Company being then in the hands of the State Banking Department) made a deed to J. C. Edwards for the purpose of placing the title to the property in him for levy and sale. This deed was recorded in the office of the clerk of the superior court of Habersham County on February 3, 1932, and on February 4, 1932, Willbanks, as sheriff of Habersham County, levied the fi. fa. on the land. Before the sale, and on February 27, 1932, J. C. Edwards presented to the judge of the superior court a petition for injunction to enjoin the sale. A restraining order was passed, a hearing had, and on May 7, 1932, the court passed an order dissolving the restraining order and refusing an injunction. To this order J. C. Edwards excepted.

■ One of the questions raised for decision in this case is made by the contention of the plaintiff that the security deed referred to in the foregoing statement of facts was not sufficient to transfer title from Gus C. Edwards to the Decatur Bank and Trust Company. That contention is not sound. The transfer of the security deed referred to from Gus Edwards to the bank is as follows:

"Georgia, DeKalb County. Having indorsed to Decatur Bank and Trust Company the note described in the within deed to secure a debt owing by me to said bank, or any renewal thereof, or any part thereof, I hereby assign, transfer, and convey to said bank, its successors and assigns, the within mortgage or deed and the land therein described, in order that said bank may hold the security for the payment of the note secured by the within instrument. In witness whereof I have hereunto set my hand and affixed my seal, this 4th day of October, 1927.

[Signed] Gus C. Edwards (L. S.)

Signed, sealed and delivered in the presence of

Suit T. Norris, M. O. Dollis, N. P., State at Large, Ga.

My commission expires Dec. 31, 1930."

This transfer was entered across the face of the record of the

security deed. The transfer and indorsement of the note alone to the Decatur Bank and Trust Company would have given that company the benefit of the security deed. In the Civil Code, § 4276, it is declared that "The transfer of notes secured by a mortgage or otherwise conveys to the transferee the benefit of the security." This section has been applied in many decisions of this court. See *Henry* v. *McAllister,* 93 *Ga.* 667 (20 S. E. 66) ; *Van Pelt* v. *Hurt,* 97 *Ga.* 660 (25 S. E. 489). In *Setze* v. *First National Bank of Pensacola,* 140 *Ga.* 603 (79 S. E. 540), it was said: "A mortgage was executed conveying certain realty to secure a promissory note which was payable to S. or order. S. indorsed the note in blank and delivered it to the plaintiff for value. The plaintiff, as holder and transferee of the mortgage note, sought to foreclose it by an equitable petition, and also to obtain a general judgment. A demurrer to the petition was filed upon the ground that it did not appear that the legal title to this mortgage had ever been transferred in writing to the plaintiff by name. Held, that the indorsement by the payee of his name on the back of the mortgage note, for value, conveyed such note, together with the mortgage lien, to such holder thereof, and the transferee can foreclose the same in its own name." In the case from which this quotation is taken numerous cases are cited supporting the ruling. "All transfers and assignments of rent notes, mortgage notes, and other such evidences of indebtedness, secured either by contract lien or out of which a lien springs by operation of law, shall be sufficiently technical and valid where such transfer or assignment plainly seeks to pass the title to any of such papers in writing from one person to another." Civil Code, § 3345. See also *Hendrix* v. *Bauhard,* 138 *Ga.* 473 (75 S. E. 588, 43 L. R. A. (N. S.) 1028, Ann. Cas. 1913D, 688).

In *Cross* v. *Citizens Bank & Trust Co.,* 160 *Ga.* 647 (128 S. E. 898), it was said: "The grantees named in a security deed to land, which had been given to secure a series of promissory notes and contained a power of sale, borrowed from a third person money for which they executed their promissory notes, and for the purpose of securing its payment executed a separate instrument which provided that 'for and in consideration of the sum of one dollar in hand paid, the receipt whereof is hereby acknowledged, and in order to secure the payment of [the note which is fully described], we the undersigned  .  .  hereby transfer, assign, and convey to

[lender, naming him] all our right, title, interest, and equity in and to [the security deed, describing it], and also assign and convey to [lender, naming him] all our rights, title, interest, and equity in and to the land described in said security deed and the promissory notes secured by same.' The instrument was signed and attested, as security deeds to land are required by law to be signed and attested to entitle them to be recorded. After execution the instrument was filed and recorded within the time and in the manner as provided by law for the filing and recording of statutory security deeds. *Held:* . . The instrument was in substance a security deed. As one transaction it conveyed both the land and the debt represented by the notes, the latter measuring the interest in the land taken by the grantee, thereby directly affecting the title to the land, and amounting to a substantial part of the conveyance." In the transfer in the present case we find the following words: "I hereby assign, transfer, and convey to said bank, its successors and assigns, the within deed to the land therein described, in order that said bank may hold the security for the payment of the note secured by the within instrument." When this transfer was executed to the bank, the bank had such a right and title in the land as could be enforced by the levy of a fi. fa. based upon a judgment against the grantor in the security deed, upon executing a deed conveying title back to the grantor for the purpose of levy and sale and filing and recording the same according to law.

■ The fact that the judgment taken in this case did not show that it was intended that the plaintiff in judgment should have a special lien on the property described in the security deed did not destroy the plaintiff's right to such special lien; for the proof of the special lien could be made aliunde the face of the judgment or the pleadings on the note sued. This was held in the case of *Spradlin* v. *Kramer,* 146 *Ga.* 396 (91 S. E. 409), where it was said: "Failure to describe the property in the judgment or to refer to the same either in the judgment or in the pleadings will not have the effect of depriving the creditor of his special lien as agreed upon in the contract, since such lien is not derived from the judgment, nor does the judgment add anything to its force and effect." And in *Bennett* v. *McConnell,* 88 *Ga.* 177 (14 S. E. 208), it was said: "If the judgment and execution fail to show on their face

that the debt was secured by a conveyance of land from the debtor to the creditor, this will not prevent a sale of the property by virtue of the judgment, as provided for under sections 1969 et seq. of the Code, but the fact may be made to appear by extrinsic evidence when such sale is resisted by the debtor or his family. *McAlpin* v. *Bailey, 76 Ga.* 687."

■ Under the facts in the record, the plaintiff in fi. fa. had a special lien against the land described in the deed, and in view of the aliunde evidence produced, the judgment was in effect a judgment in rem against that land; and when a judgment is in rem against a described piece of property, the defense of excessive levy does not lie.

■ Under the facts in the case, the quitclaim deed executed by Decatur Bank & Trust Company by the State Superintendent of Banks was sufficient to put the title in the maker of the original security deed for the purpose of levy and sale.

*Judgment affirmed. All the Justices concur.*