21166. LIVELY *et al.* v. OBERDORFER, Trustee, *et al.*

HEAD, Presiding Justice. Eugene Oberdorfer, as trustee under the will of Albert Steiner, deceased, and as transferee of a deed to secure debt executed by Eunice Stewart to John F. Collins, filed his petition to foreclose the deed to secure debt as an equitable mortgage. W. W. Lively, who was alleged to be the holder of a general judgment inferior to the plaintiff's interest in the property, and others, were named as the defendants.

The general and special demurrers of the defendant Lively to the petition were overruled, and the exception is to this judgment. *Held:*

1. In the present case general judgments rendered subsequently to the execution of the deed to secure debt would not take priority over a judgment rendered on the debt for which the deed to secure debt was given. A deed of conveyance to secure a debt, under the provisions of *Code* § 67-1301, passes the title to the property conveyed until the debt is fully paid. *Hicks v. Morris,* 183 Ga. 116 (187 S. E. 639); *West Lumber Co. v. Schnuck,* 204 Ga. 827 (51 S. E. 2d 644); *Potts v. McElroy,* 209 Ga. 244, 247 (71 S. E. 2d 612). "Where the

transferee of the debt secured by such deed reduces the same to judgment, all that is essential to the enforcement of a special lien in his favor is the rendition of a general judgment thereon, the conveyance by the vendee in the security deed to the defendant of the lands embraced therein, and proof aliunde that such judgment was rendered upon the secured debt." *Carlton v. Reeves,* 157 Ga. 602 (3), 607 (122 S. E. 320), and cases cited. See also *Bush v. Bank of Thomasville,* 111 Ga. 664, 666 (36 S. E. 900) ; *Tripod Paint Co. v. Hamilton,* 111 Ga. 823 (35 S. E. 696) ; *Harvard v. Davis,* 145 Ga. 580 (89 S. E. 740) ; *Edwards v. Decatur Bank & Trust Co.,* 176 Ga. 194 (2) (167 S. E. 292).

2. A deed to secure debt may be foreclosed as an equitable mortgage. *Hester v. Gairdner,* 128 Ga. 531, 533 (58 S. E. 165) ; *Irons v. American Nat. Bank,* 178 Ga. 160 (3) (172 S. E. 629), and cases cited. The allegations of the petition in the present case stated a cause of action for the equitable foreclosure of the deed to secure debt.

3. Under the foregoing rules of law, the general judgment of the plaintiff in error may be enforced (as to the property described in the deed to secure debt) only to such extent as there may be funds arising from the foreclosure of the deed to secure debt in excess of the debt thereby secured. The plaintiff in error is therefore not in position to complain as to the rulings on the special demurrers, since his rights are not adversely affected by such rulings. *Brown v. City of Atlanta,* 66 Ga. 71, 76; *Braswell v. Equitable Mortgage Co.,* 110 Ga. 30, 33 (35 S. E. 322) ; *Bryan v. Rowland,* 166 Ga. 719 (144 S. E. 275) ; *Holland v. King,* 214 Ga. 723 (2) (107 S. E. 2d 805).

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 14, 1961—DECIDED MARCH 9, 1961.

*Sams & Sams,* for plaintiffs in error.

*Sidney Haskins, Eugene Cook, Attorney-General, Ben F. Johnson, Deputy Assistant Attorney-General, Jos. J. Fine, Frank L. Conner,* contra.