## 752.  TAYLOR *v.* FELDER.

1. If a person who is at the same time agent for a corporation and member of partnership makes, in his dual capacity, a contract between the parties, knowledge possessed by him, though not actually disclosed, will be imputed to both parties. However, if one, though an agent of the corporation, makes a contract with the corporation on behalf of the partnership of which he is a member, dealing in the transaction with other officers of the corporation and not through himself alone, his

undisclosed knowledge will not be imputed to the corporation as notice. The law will not presume that the person occupying such a dual relation dealt with himself alone in making a contract between the partnership and the corporation, and the burden of proving that he did so act is upon the person so asserting.

2. Although one partner exceeds his power as a member of the firm, the other partner will nevertheless be bound by the act if he ratifies it.

3. "Where a man doeth that which he is authorized to do and more, there it is good for that which is warranted and void for the rest." If a partner, having authority to bind the partnership only for liabilities not exceeding a certain sum, do nevertheless borrow money in excess of that sum in behalf of the firm and give note for it, the note is binding on the partnership and the members thereof to the extent of the authority the partner had.

4. Refusal to direct a verdict is not ground of error; but if the evidence as a whole demands a verdict in a plaintiff's favor for a certain sum, the trial judge should, upon timely written request, charge the jury that if they believe the evidence they should find for the plaintiff in that sum.

Attachment from city court of Americus—Judge Crisp. August 7, 1907.

Argued December 11,—Decided December 20, 1907.

Taylor sued Felder as the surviving partner of the firm of W. A. Mathews & Company, upon a note executed by Mathews, the deceased partner, in the firm name, to the Piedmont Loan & Banking Company and duly transferred to the plaintiff. The jury returned a verdict for the defendant. In overruling a motion for a new trial filed by the plaintiff the trial judge states the case as follows:

"On or about 1st day of August, 1897, W. A. Mathews and Thomas J. Felder entered into a copartnership in parol, which partnership continued in parol until July 25, 1898, at which time the partnership agreement was reduced to writing. The written agreement of the copartnership embodied only the exact conditions of the original verbal contract. The copartnership was formed for the purpose of carrying on in Atlanta the business of buying and selling bonds, negotiating loans, lending money, conducting a private banking, investing, and brokerage business of a general character for five years, unless previously discontinued. Under the partnership agreement neither partner was to incur any partnership liability in excess of $1,000 without the consent of the other partner. The evidence discloses, that W. A. Mathews, the senior partner, was cashier, director, and the controlling or

managing officer of the Piedmont Loan & Banking Company; that the partnership of Mathews & Company and the Piedmont Loan & Banking Company occupied the same office; that on the 25th day of June, 1898, W. A. Mathews made and executed a note in the name of W. A. Mathews & Company for the sum of $1,010, and discounted the note to the Piedmont Loan & Banking Company. The testimony of this defendant is that he knew nothing of the execution of the partnership note for $1,010,—did not know that it was in existence until five or six years after its execution or until after the Piedmont Loan & Banking Company had gone into the hands of a receiver and he was notified by counsel for the receiver that he held such note. Felder's testimony is, that he never ratified or consented to the execution of the note for $1,010, and received no benefit therefrom; that on the 3d day of November, 1898, the partnership of W. A. Mathews & Company was dissolved, and the dissolution agreement purported to contain a list of the liabilities of the partnership (furnished by Mathews), and it fails to include the note sued on. John W. Mathews testified, that the defendant, Felder, knew of the execution of the note sued on, and received the benefit from the proceeds of said note, the proceeds being used in purchasing certain stock of the Piedmont Loan & Banking Company, for the partnership of W. A. Mathews & Company. The record discloses, that W. A. Mathews was indicted by the grand jury of Fulton county, Georgia, charged with embezzling the funds of the Piedmont Loan & Banking Company, and that W. A. Mathews was never tried on said indictment, but died with the case still pending against him.

"The defendant contends in this case that the note sued on was in violation of the partnership agreement and that the payee of the note knew this fact; therefore that he is not bound by the note; that he never authorized it or received any benefit from it. The defendant contends that W. A. Mathews, being the cashier and controlling officer of the Piedmont Loan & Banking Company, had knowledge of the violation of the partnership agreement, and that his knowledge was chargeable to the Piedmont Loan & Banking Company. The plaintiff contends that W. A. Mathews, being an officer of the bank and a member of the partnership, had a conflicting interest, and any knowledge that he might have would not be chargeable to the bank, and that the bank would be an inno-

cent holder. Plaintiff further contends that in any event the plaintiff would be entitled to recover to the amount of $1,000 and interest, and that the defendant would not be entitled to have any relief, except as to the excess over the $1,000 of the principal of the note. The court has carefully considered the matter, and there is no conflict in the testimony that, under the partnership agreement, neither partner was to incur any liability in excess of $1,000. The testimony would authorize the jury to believe that W. A. Mathews was cashier, director, and controlling officer of the Piedmont Loan & Banking Company, and that Felder never ratified the execution of the note or received any benefit from same. The court is of the opinion that any knowledge Mathews might have of the note being in violation of the partnership agreement is chargeable to the banking institution. See *McCord* v. *Callaway*, 109 *Ga.* 796 (35 S. E. 171); *Morris* v. *Ga. L., S. & B. Co.*, 109 *Ga.* 12 (34 S. E. 378, 46 L. R. A. 506); *Brobston* v. *Penniman*, 97 *Ga.* 527 (25 S. E. 350). The court is of the opinion that one partner is bound by the acts of another partner, whether he receives the benefit thereof or not, if he acts within the scope of the partnership business, but that a partner is not bound by the act of the copartners beyond the scope of the partnership. The court is of the opinion that the note sued on was in violation of the partnership agreement, and that this defendant would have a right to repudiate the obligation and not to be bound by it. See *Sargent* v. *Henderson*, 79 *Ga.* 268 (5 S. E. 122); *Brobston* v. *Penniman*, supra; *Radcliffe* v. *Varner*, 55 *Ga.* 427; *Alexander* v. *State*, 55 *Ga.* 479 (8). The court is also of the opinion that the note sued on, being in violation of the partnership agreement, the payee of the note being chargeable with notice of this fact, and the contract being an entire contract, that the defendant would have a right to repudiate the entire note, and not to be bound on the same to the amount of $1,000; and the jury having found in favor of the defendant, the court does not feel authorized to set aside the verdict. Therefore it is ordered, considered, and adjudged by the court that a new trial be and the same is hereby refused and denied movant."

*George Gordon, Ellis, Webb & Ellis,* for plaintiff.

*Williams & Harper,* for defendant.

POWELL, J. 1. The soundness of the proposition that notice to Mathews would be notice to the bank depends upon whether Mathews represented the bank in making the particular transaction. Primarily it will be presumed that although he had general authority to make loans and to discount commercial paper in behalf of the bank, he did not so act in making a loan to or discounting a note for a partnership in which he was interested; for however great an agent's authority to make such negotiations with other persons may be, it is prima facie a violation of duty that he should serve his master and himself at the same time. *Capital City Brick Co.* v. *Jackson,* 2 *Ga. App.* 771 (59 S. E. 92); *Todd* v. *German American Ins. Co.,* 2 *Ga. App.* 789 (59 S. E. 94). Since to have dealt with himself (no permission for such a dealing being shown) would have been unlawful, the court will presume, until the contrary appears, that he dealt with some other agent of the corporation, or with its board of directors. The burden of proving that Mathews dealt with himself in the transaction at bar was upon the defendant, who asserted notice to the corporation of the secret stipulation contained in the contract of partnership. If partner Mathews dealt in the transaction with cashier Mathews, the bank would be imputable with such knowledge as the common agent possessed; but if partner Mathews, though also agent of the bank, did not in this transaction deal with himself, but with some other officer of the bank, he is to be treated as if he were an adverse party and no agent of the bank at all. Such is the rule in this State. *Fouché* v. *Merchants National Bank,* 110 *Ga.* 827 (3), 845 (36 S. E. 256); *Morris* v. *Banking Co.,* 109 *Ga.* 12 (34 S. E. 378, 46 L. R. A. 506); *Brobston* v. *Penniman,* 97 *Ga.* 527 (25 S. E. 350); *Savannah Bank & Trust Co.* v. *Hartridge,* 73 *Ga.* 233; *Peoples Bank* v. *Exchange Bank,* 116 *Ga.* 820 (3), (43 S. E. 269, 94 Am. St. R. 144); *English-American Co.* v. *Hiers,* 112 *Ga.* 823 (38 S. E. 103); *National Bank* v. *Demere,* 92 *Ga.* 735 (19 S. E. 38).

2. There was strong, if not absolute proof that Felder used, as collateral security for an indebtedness, the stock, for the purchase-price of which the note in question was given. Even if Mathews' overstepping of his authority under the articles of partnership was unauthorized originally, such a ratification would have estopped Felder from denying liability on the note. *Sibley* v.

*American National Bank,* 97 *Ga.* 126 (25 S. E. 470); *Sparks* v. *Flannery,* 104 *Ga.* 323 (30 S. E. 823); *Am. Exchange Bank* v. *Ga. Construction Co.,* 87 *Ga.* 651 (13 S. E. 505); *Durden* v. *Dekle,* ante, 97 (59 S. E. 315); *Campbell* v. *Bowen,* 49 *Ga.* 417.

3. It was undisputed that Mathews had authority to bind the partnership to a liability not-exceeding $1,000. The law governing the power of a partner to contract in behalf of the firm is very cognate to the law governing the authority of a general agent. "Where a man doeth that which he is authorized to do and more, there it is good for that which is warranted and void for the rest." Co. Litt. 258 a. Unless the contract be entire and indivisible, it will be upheld so far as the authority extended, and is subject to repudiation only so far as the authority was exceeded. Nothing is more divisible than a contract for the payment of money. It is divisible with absolute mathematical precision. For example, a partner has no implied authority to bind his associates to the payment of usury, and if he does so the usurious part of the contract is not only prima facie a violation of the partnership agreement, but is absolutely unlawful; however, neither the partnership nor the individual partners can escape the whole contract because it is so illegal in part, but will be held liable to the extent of principal and lawful interest. *Dillon* v. *McRae,* 40 *Ga.* 107 (2), 114. So also a partner can not waive homestead for his partners; but if he gives a note for money in which he attempts to make such waiver, the contract will be upheld as a promise to pay, but the waivers will be ineffectual. *Giles* v. *Vandiver,* 91 *Ga.* 192 (17 S. E. 115); *Drumright* v. *Philpot,* 16 *Ga.* 431 (60 Am. Dec. 738), and cit; *Williams* v. *Seale,* 103 *Ga.* 801 (30 S. E. 644). It should be observed that in the case at bar the contract whereby the banking company sold Mathews & Co. the stock and took the note in payment was fully executed on both sides, and the stock had passed out of the hands of the partnership. The contract of sale, which was an entire contract, is therefore no longer to be considered in determining the divisibility of the note as a promise to pay.

4. The plaintiff offered to waive any right to recovery beyond the $1,000 and interest, and moved the court to direct a verdict in his favor for that sum. It has been held repeatedly that the refusal of a trial judge to direct a verdict will not be reversed.

However, under the evidence, the plaintiff might have offered the court a timely written request to charge the jury that if they believed the evidence they should return a verdict in the plaintiff's favor for $1,000 and interest; and if he had refused this request it would have been error. The court erred in admitting in evidence the indictment against W. A. Mathews; also in admitting testimony of what representations Mathews made to Felder at the time of the dissolution of the partnership.

*Judgment reversed.*