### 1538. BASKINS v. VALDOSTA BANK & TRUST CO.

1. Where the indorsement by which a negotiable instrument is transferred is undated, ordinarily the presumption is that it was executed before the maturity of the note.

2. Proof that the negotiable instrument sued on was in the hands of the original payee a few days before maturity does not carry the burden resting on the maker, who, in order to let in defenses, has alleged that the transferee took it after maturity, though it bears an undated indorsement.

3. Notice to one partner is usually constructive notice to the other partner but is not usually notice to a corporation of which that other partner is an officer.

4. A statutory notice given the makers of a promissory note for the purpose of fixing liability for attorney's fees, which indicates that the suit is to be brought by the original payee, is not sufficient to charge the defendant with the attorney's fees in a suit brought on the note by a transferee who claims to have purchased the note innocently and for value before maturity, but who is not disclosed in the notice served on the maker.

Complaint, from city court of Nashville—Judge Peeples. October 15, 1908.

Submitted January 27,—Decided February 9, 1909.

The Valdosta Bank and Trust Company sued Baskins on a promissory note made by him, payable to Roberts & Jones or order, and indorsed by that firm. The indorsement was not dated. The suit claimed attorney's fees, reciting that the statutory notice had been given. The defendant pleaded, that the bank was not a purchaser for value without notice, that the consideration of the note had failed, and denied liability for attorney's fees. After the evidence was closed, the judge directed a verdict for the plaintiff; and the defendant excepts. Further facts necessary to an understanding of the points decided will be stated in the opinion.

*Buie & Knight,* for plaintiff in error.

*Woodward & Smith, Alexander & Gary,* contra.

POWELL, J. (After stating the foregoing facts.)

1. The indorsement of the note being undated, there is a presumption that it was entered before the maturity of the note; and the burden of proving the contrary was on the defendant. *Parr v. Erickson,* 115 *Ga.* 873 (42 S. E. 240) ; *Walters* v. *Palmer,* 110 *Ga.* 776 (36 S. E. 79).

2. Proof that the note was in the possession of the original

holders a short while prior to maturity does not carry the burden resting on the defendant of showing that the undated indorsement was made after maturity. *Haug* v. *Riley,* 101 *Ga.* 372 (29 S. E. 44, 40 L. R. A. 244).

3. Mr. Jones, of the firm of Roberts & Jones, was president of the plaintiff bank. The defendant's dealings were with Mr. Roberts. Notice to Roberts of the failure of consideration, or other infirmity in the note, would be notice to his partner Jones, but ordinarily would not constitute notice to the corporation of which Jones was an officer. *Taylor* v. *Felder, 3 Ga. App.* 287 (59 S. E. 844), and citations. The defendant having failed to carry the burden resting on him, under his attack on the bona fides of the plaintiff's title to the negotiable instrument, the court did not err in directing a verdict, so far as principal and interest are concerned.

4. As to the attorney's fees, we do not think that the notice given was sufficient to authorize a recovery of them by the plaintiff. Messrs. Woodward & Smith, as attorneys at law, mailed to the defendant a notice calling attention to the fact that his note, "made payable to Roberts & Jones," had been placed in their hands for collection; that this notice was given him to hold him liable for attorney's fees, and that, unless the note was paid, suit would be brought to the next term of the city court of Nashville, the return day of which was given. The notice was sufficiently formal, but it did not disclose that the note had been negotiated, or that the bank was the holder, or that the suit was to be brought by the bank. So far as the notice disclosed, the suit was to be brought by Roberts & Jones, who were named in the notice. Since the defendant is not to be held for attorney's fees if he pays before return day, or if he succeeds in the suit, it would be unfair that he should be held liable for attorney's fees by reason of a notice that indicated that the suit would be brought in behalf of a plaintiff as against whom he had a good defense, when as a matter of fact the suit was brought by an undisclosed third person, against whom he could not set up that defense. The defendant might have been perfectly willing to risk additional liability of attorney's fees so far as the chances of Roberts & Jones' recovery against him were concerned, but not willing to take that risk as to a suit brought by the bank as an innocent holder of the note he had given Roberts

& Jones. We do not think that the judgment should have included. attorney's fees, under the circumstances. The judgment is therefore affirmed, with direction that the amount awarded for attorney's fees be stricken from the judgment in the trial court, and that the plaintiff in error recover of the defendant in error the costs of bringing the case to this court.

*Judgment affirmed, with direction.*