## 5227. LANGFORD *v.* BACKUS.

A notice given for the purpose of collecting attorney's fees, stating that the notes to be sued on are "in favor of Mrs. C. H. Backus," sufficiently indicates the legal holder of the note, so as to authorize a recovery of such fees in a suit filed by her, wherein it appears that she was the original payee.

DECIDED JANUARY 27, 1914.

Complaint; from city court of Hall county—Judge Irwin presiding. August 23, 1913.

*B. P. Gaillard Jr.,* for plaintiff in error. *W. M. Johnson,* contra.

ROAN, J. The only point relied on by the plaintiff in error is that the notice given the defendant for the purpose of collecting attorney's fees was not sufficient to authorize their recovery. The notice was addressed to the defendant and signed by W. I. Hobbs, plaintiff's attorney, and was as follows: "We have received for collection two notes against you in favor of Mrs. C. H. Backus, both notes dated Oct. 12, 1911, one due Oct. 24, 1911, for the principal sum of $825, besides 8% interest from date and 10% attorney's fees, less five credits amounting to about $600. Also note due Oct. 24, 1912, for $800, 8% interest from date and 10% attorney's fees, without any credits. My client is desirous of getting this debt and these notes settled immediately, and unless the same is settled before that, after ten days from this date we will bring suit on said notes, returnable to the May term of the city court of Hall county, Ga., which term begins on the 3d Monday in May 1913, next; suit will be filed for the purpose of collecting the full amount of principal, interest, attorney's fees and costs of suit. This notice is given in accordance with Acts of Georgia, 1900, page 53." It will be noticed that the first sentence of the letter contains the phrase "against you in favor of Mrs. C. H. Backus." Suit was brought in her name, and certainly this sufficiently designates the owner and holder of the notes as required by the law. This is an entirely different case from those cited by plaintiff in error to sustain his contention. In *Baskins* v. *Valdosta Bank,* 5 *Ga. App.* 600 (63 S. E. 648), the name of the holder of the note, who was the plaintiff in the suit, was not disclosed in the notice, and, so far as the defendant was able to ascertain, the suit was to be brought by other parties, whose names were in the notice. In *Edenfield* v. *Bank of Millen,* 7 *Ga. App.* 649 (67 S. E. 896), no intimation was given as to who the holder was, or who was the original payee; making that an entirely distinct case from the one now under discussion.      *Judgment affirmed.*