## 9109.  ARMOUR FERTILIZER WORKS v. DWIGHT.

1. A plea of payment which fails to allege with reasonable certainty when, how, and to whom the payment was made, and which fails to disclose any valid reason why such lack of certainty can not be met, is sub-ject to be stricken upon special demurrer duly filed pointing out such defects (*Wortham* v. *Sinclair,* 98 *Ga.* 173, 25 S. E. 414; *Kahrs* v. *Kahrs,* 115 *Ga.* 288, 41 S. E. 649; *Atlantic Railroad Co.* v. *Hart Lum-ber Co.,* 2 *Ga. App.* 88, 58 S. E. 316; *Groves* v. *Sexton,* 5 *Ga. App.* 160, 62 S. E. 731; *Prince* v. *Cochran,* 10 *Ga. App.* 495, 73 S. E. 693); but, no such objection being duly made in this case, the verdict for the defendant can not be set aside as being contrary to evidence, his testi-mony showing in distinct terms that the levied fi. fa. was fully paid off, and such payment accepted by the plaintiff. While evidence of

the manner of payment, identifying the specific checks claimed to have thus been turned over in settlement, would add probative value to the proof relied on to establish the plea, the act of payment is the essential fact to be shown. *Fletcher* v. *Young*, 10 *Ga. App.* 183 (3) (73 S. E. 38). "This court, by the constitutional amendment creating it, is limited in jurisdiction to the correction of errors of law alone, and therefore has no power to grant a new trial on the ground that the verdict is strongly contrary to the weight of the evidence, if there is any evidence at all to support it." *Edge* v. *Thomas*, 9 *Ga. App.* 559 (71 S. E. 875). The grounds of the original motion for a new trial, and the fourth ground of the amendment to the motion, therefore, do not afford ground for a reversal.

2. The objection made to a consideration of the first and second grounds of the amendment to the motion for a new trial is meritorious, since a ground complaining of the admission of documentary evidence will not be considered, unless the evidence objected to is set forth, either literally or in substance, in the motion itself, or attached thereto as an exhibit. *Fletcher* v. *Collins*, 111 *Ga.* 253 (2) (36 S. E. 646); *Bullock* v. *Cordele Sash &c. Co.*, 114 *Ga.* 627 (3) (40 S. E. 734); *Maxwell* v. *Rucker*, 127 *Ga.* 111; *Cordele Sash &c. Co.* v. *Wilson Lumber Co.*, 129 *Ga.* 290 (58 S. E. 860); *Roberts* v. *Devane*, 129 *Ga.* 604 (2) (59 S. E. 289); *Cowart* v. *Aycock*, 139 *Ga.* 432 (77 S. E. 382); *Louisville & Nashville Railroad Co.* v. *Hughes*, 143 *Ga.* 206 (8) (84 S. E. 451); *Sasser* v. *Pierce*, 9 *Ga. App.* 27 (2) (70 S. E. 197); *Perry* v. *Independent Daughters of Bethel*, 11 *Ga. App.* 498 (75 S. E. 819); *Denton* v. *Hannah*, 12 *Ga. App.* 495 (7) (77 S. E. 672); *Franklin* v. *Fields*, 13 *Ga. App.* 463 (79 S. E. 366); *Smith* v. *Hilton & Dodge Lumber Co.*, 13 *Ga. App.* 785 (80 S. E. 25); *First National Bank* v. *Rome Mercantile Co.*, 14 *Ga. App.* 99 (80 S. E. 210). Neither a ground of a motion for a new trial assigning error upon the admission of evidence, nor a similar assignment of error in a bill of exceptions, can be considered, unless the evidence is set forth in such manner that the question can be decided without reference to other parts of the record. *Hicks* v. *Mather*, 107 *Ga.* 77 (32 S. E. 901); *Thompson* v. *American Mortgage Co.*, 107 *Ga.* 832 (2) (33 S. E. 689); *Georgia Nor. Ry. Co.* v. *Hutchins*, 119 *Ga.* 504 (5) (46 S. E. 659); *Hicks* v. *Webb*, 127 *Ga.* 170 (5) (56 S. E. 307).

3. Ground 3 of the amendment to the motion for a new trial, which assigns error upon the admission of certain evidence, upon the ground that it was immaterial and irrelevant, is without merit. In view of testimony previously introduced by the plaintiff, this evidence became relevant as tending to throw light upon a material issue in controversy; but even if immaterial, its admission is not shown to have been harmful. Unless a reasonable likelihood of a prejudicial effect appears, the admission of evidence merely immaterial will not authorize the setting aside of a verdict and the grant of a new trial. *Trave'ers Insurance Co.* v. *Thornton*, 119 *Ga.* 455 (8) (46 S. E. 678); *Gilleland* v. *Louisville & Nashville R. Co.*, 119 *Ga.* 789 (2) (47 S. E. 336).

4. The motion for a new trial complains of the following excerpts from the charge of the court: "He [the defendant] alleges and contends that

10

he made two payments to the attorneys of record in the case, and that upon procuring statement from these attorneys of record of the balance due, he then and there paid that balance, and that he thereby discharged in full the debt represented by this execution and judgment." Error is assigned thereon because there is no allegation in the affidavit of illegality, nor any evidence, that a statement of the balance due was given the defendant, such as would authorize the charge.

(*a*) The defendant objected to a consideration of this assignment, for the reason that the entire charge is not specified and sent up as a material part of the record. This objection is without merit. The rule is that where the entire charge of the court is not sent up in the bill of exceptions or in the record, and exception is taken to a portion of it which, without qualification, is error, and it does not appear from the certificate of the judge who tried the case that it was qualified by another part of the charge, this court will presume that there was no qualification. *Central Railroad* v. *Senn,* 73 *Ga.* 705.

(*b*) This excerpt from the charge is not, however, unauthorized by the evidence, and the verdict can not for that reason be set aside. The defendant testified as follows: "He [referring to the attorney of plaintiff to whom it is alleged the payment was made] told me he would be in Butler and would bring the amount with him, and at the Sealy House in Butler I gave him check on the Farmers & Merchants Bank for $101.30 as final and full payment. He told me it was the balance, and I gave him check to cover."

5. The instruction complained of in ground 6, and the requested instruction set out in ground 7, which, it is complained, the court refused to give, are in substantial accord, and neither exception will justify setting the verdict aside.

DECIDED APRIL 9, 1918.·

Illegality of execution; from city court of Oglethorpe—Judge Greer. June 20, 1917.

*O. T. Gower, John B. Guerry, Jere M. Moore, J. J. Bull & Son,* for plaintiff. *Jule Fellon,* for defendant.

JENKINS, J. The requested instruction referred to in the fifth headnote was as follows: "To constitute a legal, binding receipt for money given by one person to another it must be signed. If a receipt is issued in blank, it is not *of itself* of any effect, nor does it show the payment of any money; and unless the receipt is signed by the persons purporting to have issued it, then it is not a receipt and cannot be considered as a receipt. How this is you must determine from the evidence. But if you believe that a paper brought into court and introduced in evidence as a receipt was not signed by the person drawing the same, and not delivered as a receipt, claiming the benefit from it, then you should not consider this in evidence, provided it together with all of the other evidence shows that the purported paper claimed to be a

receipt was without value and not delivered. How this is you must determine from the evidence." The excerpt from the charge excepted to, and to which reference is also made in the last head-note, is as follows: "Now I charge you that ordinarily an unsigned receipt is of no value. It indicates nothing; it amounts to nothing, unless it should be shown by other evidence that it has a consideration. If the evidence should indicate to your minds satisfactorily that the receipt was good, although unsigned, if it really represents money paid, it would be just as binding as if it were signed."

It was not disputed that the paper introduced for the purpose of showing payment had not been signed. The issue was whether the unsigned instrument had been delivered to defendant upon the acceptance by plaintiff of certain checks tendered in partial payment, or whether, upon the refusal of the plaintiff to accept the checks so tendered, the defendant unlawfully obtained possession of the unsigned paper of acknowledgment, without the consent of plaintiff's agent. There was evidence in support of each of these contentions, the defendant testifying, "He gave me this paper at the time." The entire assignment of error as to the excerpt from the charge as given is as follows: "Because the paper offered in evidence was not a receipt, it could only be used as a memorandum; and, not being a receipt signed, it was error for the court to give this in charge and refer to it as a receipt." A party cannot, however, obtain a reversal for an error which he has invited. *Partee* v. *State*, 19 *Ga. App.* 752 (3) (92 S. E. 306). And as we interpret the request to charge, the charge as given is in this respect in substantial accord with it. The court was asked to instruct the jury to the effect that the unsigned paper brought into court as a receipt could not of itself be taken as such, and that it could be so considered only provided the evidence showed that it was delivered for value. It is thus unnecessary to discuss whether such a written but unsigned acknowledgment could ever under any circumstances be given the dignity and probative value of a signed receipt, such as would be sufficient to shift the burden of proof under the provisions of section 5795 of the Civil Code (1910). Since one of the issues made by the evidence was whether or not the unsigned writing had been delivered, we think it would have been well, even without a request, for the trial judge

to have specially charged the jury upon that subject; but we are unable to say whether or not his charge in fact covered this point, since there is no exception alleging his failure so to do; and the exception to the refusal to give a requested instruction containing only a reference to this subject cannot be taken as setting up entire failure in this respect, where the exception does not so state, and the charge as a whole is not before us.

*Judgment affirmed.. Wade, C. J., and Luke, J., concur.*