### 12045. DAVIS v. THE STATE.

1. The question as to the sufficiency of the approval of grounds of the motion for a new trial will not be considered by this court, the question not having been raised before the trial judge, as required by the act of 1911.
2. Where exclusion of testimony is complained of in a ground of a motion for a new trial which is silent as to the objection to the testimony and as to whether the trial judge excluded it upon his own motion, the ground will not be considered by this court. LUKE, J., dissents.

DECIDED MARCH 9, 1921.

Conviction of assault and battery; from city court of Carrollton — Judge Beall. November 10, 1920.

PER CURIAM. 1. In this case the State questions the sufficiency of the approval of the grounds of the motion for new trial, and insists that there is no proper approval of such grounds. No motion was made to dismiss the motion for a new trial, and the question for the first time, upon the sufficiency of the approval of the special grounds of the amended motion for a new trial, is raised here by the State. Since the passage of the act of 1911 (Ga. L. 1911, p. 149, Park's Penal Code, § 1090 (a)), " where the judge has finally passed on the merits of a motion for a new trial and the parties have raised no question as to the sufficiency of the approval of the grounds of such motion, . . no question as to these matters shall be entertained by the reviewing courts unless first raised and insisted on before the trial judge. "

2. Under the ruling in *Summerlin* v. *State*, 25 *Ga. App.* 568 (1 *b*) (103 S. E. 832), neither ground of the amendment to the

motion for a new trial presents any question for the consideration of this court. In each ground the movant complains of the rejection of certain testimony, but it is not stated therein what objection to the testimony was offered by the other party and sustained by the court. If it had been stated in the grounds that the court *on its own motion* excluded the evidence, a different question would be presented. Where no such statement, however, appears in the ground, it will be presumed that the usual modus operandi was followed, viz., that the evidence offered by the movant was objected to by the opposite party for some stated reason, and that this objection was sustained by the court and the evidence excluded for that reason.

3. The evidence authorized the verdict, which has the approval of the trial judge, and it was not error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur. Luke, J., dissents.*

LUKE, J, dissenting. I do not disagree with the first ruling announced in the decision, but I do disagree with the ruling in the second division of the decision and to the affirmance of the judgment overruling the motion for a new trial.

Upon the trial of the case the prosecutor had testified that his feeling toward the defendant was good. Upon cross-examination the defendant sought to inquire of the prosecutor if he had not had a recent previous difficulty with the defendant, for the purpose of rebutting the statement that no ill-feeling existed between them. The court refused to permit the defendant to so interrogate the prosecutor. As laid down in *Smith* v. *State, 12 Ga. App.* 13 (2) (76 S. E. 647), it was error to deny the defendant this right. The majority opinion holds that since the defendant did not show in his motion for a new trial upon what ground the court ruled out the evidence which he offered on cross-examination, the assignment of error was insufficient. It is to this technical ruling that I do not agree. The party offering evidence which is rejected, in order to have this court pass upon a ground of a motion for a new trial which complains of the judge's refusal to admit the evidence, does not have to show upon what ground the court excluded the evidence. The only burden that the movant has to carry is to show that legal testimony has been

excluded by the court. To hold otherwise would be to hold that illegal testimony should be admitted for no reason other than that there was lodged no legal objection to its admissibility. The complaint here is not to the court's overruling an objection to testimony where by precedent it is necessary for the movant for the party complaining to show that a legal objection had been lodged to the testimony. In the one instance the complaint is as to the exclusion of legal testimony entitled to be admitted in the trial of the cause, and in the other instance the complaint is as to the overruling of an objection, which objection must be shown to be legal.

The party offering evidence which is rejected does not have to show in his motion for a new trial upon what ground the evidence was excluded. The court may have ruled the evidence out without objection, and it may be impossible for the party offering the evidence to know what moved the court. The only burden to be carried by the party offering evidence is to show that the evidence was admissible. In this case error is not assigned upon an objection to evidence which was overruled, but error is here assigned upon the refusal of the court to admit legal testimony, and it does not make any difference upon what ground the evidence was excluded.

The dissent which I file in this case is the same in principle as the dissent in the case of *Summerlin* v. *State*, 25 *Ga. App.* 572 (103 S. E. 832), in so far as this identical question is involved.