## 11701.  MILWAUKEE MECHANICS INSURANCE CO. *v.* RAWLS.

BLOODWORTH, J.  1. In the motion for a new trial certain evidence is objected to as "entirely immaterial." In *Thompson* v. *Thompson*, 77 *Ga.* 692 (7)  (3 S. E. 161), it is held: "Neither the rejection nor admission of immaterial evidence is cause for a new trial." If the court erred in the admission of the evidence complained of, it was not of such materiality as to require the grant of a new trial.  See *Arnold* v. *Stevens*, 139 *Ga.* 495  (77 S. E. 579) ; *Brown* v. *State*, 119 *Ga.* 572 (2)  (46 S. E. 833) ; *Ga., Fla. & Ala. Ry. Co.* v. *Parsons*, 12 *Ga. App.* 180 (6)  (76 S. E. 1063).

2. When considered in connection with all the facts of the case and in the light of the entire charge of the court, no error that would require the grant of a new trial appears in any of the excerpts from the charge of which complaint is made.  In his charge the judge covered all the material issues in the case, submitted them fairly, and did not "express or intimate his opinion as to what had or had not been proved."

If more specific instructions were desired on any particular contention of the defendant, they should have been embodied in a proper and legal request submitted to the judge before the jury retired to consider of their verdict.

3. On conflicting evidence the jury found in favor of the plaintiff, the verdict has the approval of the presiding judge and must be

*Affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED APRIL 13, 1921.

Action on insurance policy; from Mitchell superior court — Judge Harrell. April 19, 1920.

The insurance company contended that the fire-insurance policy sued upon had been surrendered and canceled before the fire. The plaintiff contended that he delivered the policy to the company's agent for the purpose of enabling the agent to make an indorsement on it, but not for surrender and cancellation. The evidence referred to in paragraph 1 of the decision was to the effect that the plaintiff made efforts to see the agent and get the policy on the next day after the night of the fire, and that he then learned for the first time that the insurance company claimed that his policy had been canceled; that the agent then said that he had canceled it and had sent it to the company, but did not say why it had been canceled. This testimony was admitted over the objection that it was "entirely immaterial."

*Smith, Hammond & Smith, Ernest M. Davis,* for plaintiff in error. *H. H. Merry, E. E. Cox,* contra.