## 12450.  DEVOE v. BEST MOTOR COMPANY.

PER CURIAM:  1. In order for the rejection of testimony to be a ground for a new trial, the motion for a new trial must show upon what ground the testimony was excluded (unless it is shown that the judge rejected the testimony upon his own motion), and that it was excluded over the objections of the plaintiff in error or his counsel, made to the court at the time of the exclusion.  *Central of Ga. Ry. Co.* v. *Jaques,* 23 *Ga. App.* 396 (2) (98 S. E. 357); *Steed* v. *Cruse,* 70 *Ga.* 168 (4); *Summerlin* v. *State,* 25 *Ga. App.* 568, 571, 572 (103 S. E. 832); *Davis* v. *State,* 26 *Ga. App.* 485 (106 S. E. 309).  Under the above ruling, the first ground of the amendment to the motion for a new trial is too defective to be considered.

2. The question as to whether the plaintiff, who could not read or write, understood what he was signing when he made his mark to the settlement paper should have been submitted to the jury.  It was not necessary, under his testimony, for him to tender back the money before he could plead fraud in getting him to sign a paper in settlement of his claim.  See *Butler* v. *Richmond & Danville R. Co.,* 88 *Ga.* 594 (2) (15 S. E. 668).

3. Under the above rulings it was error for the court to direct a verdict for the defendant.

*Judgment reversed.  Broyles, C. J., and Bloodworth, J., concur.  Luke, J., dissents.*

DECIDED NOVEMBER 17, 1921.

Action for damages; from city court of Floyd county — Judge Nunnally.  April 23, 1921.

*Harris & Harris,* for plaintiff.

*J. P. Jones, E. V. Carter,* for defendant.

LUKE, J., dissenting. 1. I cannot concur in the ruling announced in the first paragraph of the decision in this case.  I have heretofore upon two occasions dissented from similar rulings. The only burden that has to be carried by a plaintiff in error in an assignment of error upon the rejection of testimony offered by him is that of showing that the evidence offered has legal and probative value in the case.  If such testimony be rejected, it matters not upon what ground of objection it was excluded.  The ground of objection, whatever it may be, could certainly have no effect upon the admissibility of the evidence.  The ground of objection could not add to or take from the evidence,— its legality upon the issues involved in the case.  The majority of the court, in my opinion, has been confused by the precedents which require that objections urged to the admissibility of evidence admitted be shown when error is assigned.

2, 3.  Neither can I agree to the conclusion reached in the rul-

ing stated in paragraph 2 of the decision, nor, therefore, to the judgment of reversal in this case. This was an action brought by Devoe against Best Motor Company for damages on account of the death of his minor son, Charles Devoe Jr. The suit was met by a plea of accord and satisfaction, supported by a writing signed by Devoe acknowledging receipt of $152.75 in full settlement for his son's injury. The plaintiff sought to avoid the effect of this instrument by proof of fraud in its procurement. The evidence in this regard was substantially as follows: The morning after his boy's injury the plaintiff went to see one Best, manager of the Best Motor Company, and asked him what the company proposed to pay him for the loss of his boy. Best directed him to Mr. Willingham, who told him he was sorry his boy was hurt, and further said, "we are going to help you some. . . It is better to get a little than none. We will give you $50 to rest up a few weeks." Plaintiff testified also that he could not read or write, that his hearing was defective, that he was overwrought because of his son's death, and that, though the receipt was read over to him, he signed it in ignorance of its contents. Defendant's evidence was, in effect, that the plaintiff was not overreached, that the writing was carefully read over and explained to him, and that neither his appearance nor his conduct indicated in the slightest degree that he did not know what he was signing. It was admitted that the plaintiff received $50 in cash. The remainder of the money receipted for was paid for the undertaker's bill and the hospital bill. None of this money was ever repaid or tendered back.

Answering the contention of the plaintiff that the settlement was made by a stranger, and was therefore invalid, the reply is (1) that the evidence does not warrant this conclusion, and (2) that in any event, if what is given by the stranger is accepted in satisfaction by the creditor, and his act is authorized or subsequently ratified by the debtor, this is a complete accord and satisfaction. 1 Corpus Juris, 535, §§ 27, 28, and the leading case of Levitt *v.* Morrow, 67 Am. D. 334 (6 Ohio St. 72). It follows that it was not improper to exclude the evidence tending to show that an insurance company paid Willingham's fee and also the money expended under the settlement. Moreover, the judge's order allowing the amendment to the petition setting up fraud

recited that "that portion [of the amendment] alleging that payments were made by an insurance company is refused;" this order was not excepted to, and it is doubtful if the pleadings would have authorized the introduction of the evidence excluded.

Plaintiff's contention that defendant had previously obligated itself to pay the hospital bill and the undertaker's bill, and that these items could not furnish any consideration for the settlement, even if admitted, does not change the complexion of this case. The $50 actually paid the plaintiff was kept by him and never tendered back. It is the law of this State that, "in order to obtain a rescission of the contract of release and recover upon the original cause of action, restoration or tender of the amount paid for the release is necessary." *Western & Atlantic R. Co.* v. *Atkins,* 141 *Ga.* 743 (2) (82 S. E. 139).

The real question for decision here is, did the facts of this case relieve the plaintiff from restoring or tendering back the fruits of his contract? He contends that his case comes within the rule of the case of *Butler* v. *R. & D. R. Co.,* 88 *Ga.* 594 (15 S. E. 668). The rule there established is, that it is not necessary to restore or to offer to restore benefits received on account of a claim or debt entirely distinct from the subject-matter of the accord and satisfaction. For cases elucidating and distinguishing that decision, see *Western & Atlantic R. Co.* v. *Atkins,* supra; *Western & Atlantic R. Co.* v. *Burke,* 97 *Ga.* 560 (25 S. E. 498); *Petty* v. *Brunswick &c. R. Co.,* 109 *Ga.* 666 (35 S. E. 82). In the case at bar it is neither pleaded nor proved that the plaintiff had any claim against the defendant other than that arising out of the tort sued for. Clearly the plaintiff's attempt to avoid the necessity of restoring or tendering back the fruits of his contract was ineffectual, and the judgment directing a verdict for the defendant, in my opinion, was correct.