## 13791.  HAMRICK v. STEWART et al.

BROYLES, C. J.  1.  " The continuance of cases on account of the absence of counsel is not favored, and such absence is no cause of postponement, unless in cases of necessity or misconception. Absence without leave, to attend trials of cases pending in other courts, is no ground for continuance." *Cotton States Life Ins. Co.* v. *Edwards*, 74 *Ga.* 221 (1); *Carroll* v. *Groover*, 27 *Ga. App.* 747 (1), 748 (110 S. E. 30), and citations. Especially is this true where competent counsel other than the absent counsel had been employed and were present in court, and it is not shown that movant was injured by the absence of his leading counsel. *Curry* v. *State*, 17 *Ga. App.* 377 (2) (87 S. E. 685), and authorities cited. Under the above ruling and the facts developed in support of the motion for a continuance the trial judge did not abuse his discretion in refusing to continue the case.

2. The decision overruling a motion to strike a portion of a plea cannot properly be made a ground of a motion for a new trial. *Brown* v. *Wilkes*, 20 *Ga. App.* 92 (1) (92 S. E. 553), and cases cited. Under this ruling, the 2d ground of the amendment to the motion for a new trial cannot be considered.

3. The ground complaining of the refusal of the court to declare a mistrial is without merit.

4. Under repeated rulings of the Supreme Court and of this court a special ground of a motion for a new trial must be complete and understandable within itself, and the reviewing court will not consider a ground which complains of the admission of specified evidence, the materiality of which cannot be determined without an examination of the brief of evidence or some other part of the record. 'Nor is the admission of immaterial and irrelevant evidence, not shown to have been harmful, cause for a new trial. *Thompson* v. *Thompson*, 77 *Ga.* 692 (7); *Armour Fertilizer Works* v. *Dwight*, 22 *Ga. App.* 144 (3) (95 S. E. 746); *Milwaukee Mechanics Ins. Co.* v. *Rawls*, 26 *Ga. App.* 584 (1) (107 S. E. 262). Grounds 4 to 13 (inclusive) of the amendment to the motion for a new trial, which assign error upon the admission of certain evidence, are either too defective to be considered or are without substantial merit.

5. " In order for the rejection of testimony to be a ground for a new trial, the motion for a new trial must show upon what ground the testimony was excluded (unless it is shown that the judge rejected the testimony upon his own motion)." *Devoe* v. *Best Motor Co.*, 27 *Ga. App.* 619 (1) (109 S. E. 689), and citations. Under this ruling grounds 14 and 15 are too defective to be considered.

6. Where an oral motion to strike a portion of a plea is overruled, and no exception is taken to the ruling, that decision becomes the law of the case, binding alike upon the parties and the court. *Reddick* v. *Strickland*, 25 *Ga. App.* 275 (3) (103 S. E. 94), and cases cited. Under this ruling, the court did not err in reading to the jury, along with the other pleadings in the case, that portion of the defendant's plea which the plaintiff, before the introduction of any testimony in the case, had moved to strike, the motion to strike being overruled but no exception taken to such ruling.

7. Error is assigned upon the following excerpt from the charge: " Every person shall be liable for the torts committed by his wife, and for torts committed by his child, or servant, by his command or in the prosecution and within the scope of his business, whether the same be by negligence or voluntary." This is in the exact language of section 4413 of the Civil Code of 1910, and is applicable to the facts of the case and not subject to any criticism urged against it.

8. The excerpt from the charge of the court of which complaint is made in ground 18 is not error for any reason assigned.

9. Ground 19 and the general grounds of the motion for a new trial, not being argued or referred to in the brief of counsel for the plaintiff in error, are treated as abandoned.

     *Judgment affirmed. Bloodworth, J., concurs. Luke, J., dissents.*

           DECIDED NOVEMBER 15, 1922.

Action for damages; from city court of Carrollton — Judge Hood. · June 15, 1922.

     *Terrell & Foley, Willis Smith, Smith & Millican,* for plaintiff.

     *S. Holderness, Boykin & Boykin,* contra.

LUKE, J., dissenting. I do not agree to the correctness of the ruling announced in paragraph 5 of the decision. See dissent in case of *Devoe* v. *Best Motor Co.,* 27 *Ga. App.* 619 (109 S. E. 689).