*Kirkland & Kirkland*, for plaintiff in error.

*H. H. Elders, S. B. McCall*, contra.

---

14886. BENNETT, superintendent, etc., *v.* WATSON *et al.*

BELL, J. This was an action upon a note signed in the name of a partnership as maker. One of the members filed no defense, while the other pleaded that there was no partnership, alleging that the partnership previously existing under the name signed to the note had been dissolved and notice of that fact given to plaintiff bank's cashier before the note was executed by the other alleged partner. It was further alleged that all the debts previously due by the former firm to the bank had been paid before the note was given. A verdict was found for the defendant, and, the plaintiff's motion for a new trial having been overruled, the plaintiff excepted. *Held:*

1. A partnership may be dissolved at any time by the mutual consent of the parties. Civil Code (1910), § 3162. There was some evidence authorizing a finding that the partnership had been dissolved as alleged, though the evidence may have been slight. This court is without authority to set aside a verdict on the ground that it is unsupported, where there is any evidence to authorize it.

2. The dissolution of a partnership by the retiring of an ostensible partner must be made known to creditors and to the world. Civil Code (1910), § 3163. Actual notice of the dissolution given by one of the partners to the cashier of a bank, which sues upon a note thereafter executed at the instance of such cashier as the bank's representative by the other alleged partner in the name of the partnership, and payable to the plaintiff, is sufficient notice to the bank. *Morris* v. *Georgia Loan &c. Co.,* 109 *Ga.* 12 (2) (34 S. E. 378, 46 L. R. A. 506); Civil Code (1910), § 3599. The defendant who filed the plea of no partnership having testified unequivocally and without dispute that such notice was given, the fact that the publication of the dissolution was not made until after the note was executed would not conclusively destroy the effect of the prior actual notice, though it might be a circumstance to be considered by the jury on the issue as to when the dissolution took place.

3. The court charged the jury as follows: "The defendant contends that he notified, in the early part of 1920, the Bank of Mauk, through its cashier, Mr. Hendricks, that the partnership existing between him and Mr. Jinks had been dissolved. The plaintiff denies that such notice was given. If P. C. Watson notified Mr. Hendricks in the early part of 1920 that there was no longer a partnership between him and Mr. Jinks, if you should believe that Mr. Watson has shown by a preponderance of the evidence that he had given that notice to Mr. Hendricks, why, under the law that would be sufficient notice as to the Bank of Mauk of the dissolution of the firm of Watson & Jinks." The evidence showed conclusively that this cashier had represented the bank in taking the note sued on. Error is assigned on this charge, on the grounds, that it was "prejudicial to the movant, because the court should have gone further and instructed the jury that, although Mr. Watson may have notified Mr. Hendricks, cashier of the bank, that the partnership was dissolved between him and R. M. Jinks, the notice would have been ineffectual unless the defendant had proved that the partnership had been dissolved according to law. Further, the court in this connection should have instructed the jury as to what was necessary to dissolve a partnership under the law." The charge was not erroneous for any reason assigned. It had reference to the sufficiency of the notice of the dissolution, and not to the issue respecting dissolution. There is no assignment that the instruction assumed that issue in favor of the plaintiff. The issue, however, was fairly and fully submitted in other portions of the charge. Furthermore, the assignment made is faulty for the reason that "a correct statement of the law applicable to a case is not erroneous because the court failed in the same connection to give the jury other and further instructions. If these were desired in the instant case they should have been requested in writing." *Chero-Cola Co.* v. *Southern Express Co.,* 29 *Ga. App.* 656 (1) (116 S. E. 325);

*Georgia Railroad & Banking Co.* v. *Wallis*, 29 *Ga. App.* 706 (6) (116 S. E. 883).

4. The court did not err in charging the jury that if the partnership was in fact dissolved, and if the plaintiff bank had notice of the dissolution before the execution of the note sued on, the party executing the note purportedly on behalf of the alleged partnership would have had no authority as a partner to bind the other erstwhile partner without the direction or consent of the latter, even though the note was executed in renewal of an unpaid indebtedness which the firm had incurred to the bank before its dissolution. *Mims* v. *Brooks*, 3 *Ga. App.* 247 (7) (59 S. E. 711); *Parker* v. *Southern Ruralist Co.*, 15 *Ga. App.* 334 (1) (83 S. E. 158); Civil Code (1910), § 3164. The charge was correct in the abstract, and there was some evidence to warrant it.

5. The defendant who contested liability testified as follows: "Mr. Hendricks, who was the cashier, just claimed it on his books of $1100 against us. I just went back to Columbus. I had seven bales of my individual cotton, and I sold that to Mr. Bradley and come back and paid Mr. Hendricks." The plaintiff objected to the admission of this evidence on the ground that there was nothing in the pleadings to put the bank "on notice as to that date." The objection was overruled. Later a motion was made to exclude the evidence "because the pleadings do not set up the specific date and the specific amount;" that although the witness "swears that this payment was made prior to the execution of this note, . . he is trying to defeat this note by that payment, and it is charged to the same transaction, and, before that evidence could go in, the pleadings would have to allege the date and amount specifically," so as to put the plaintiff on notice. The evidence as set forth in this ground does not show on what date the transaction therein referred to took place. A ground of a motion for a new trial must be complete within itself. *Hamrick* v. *Stewart*, 29 *Ga. App.* 220 (4) (114 S. E. 723). The evidence was not objected to upon the ground that it did not disclose the date of the transaction. The fact that a specific date of the payment may not have been alleged would not necessarily be a ground for excluding the evidence. The insufficiency of the plea in respect to the allegation of the date of the payment would be a matter for demurrer. *Prince* v. *Cochran*, 10 *Ga. App.* 495 (2) (73 S. E. 693). No variance between the evidence and the plea was urged in the objection, and no question as to the inadmissibility of the evidence for that reason is presented for decision. Questions that are raised in the brief but not in the record cannot be adjudicated. This ruling controls grounds 4 and 5 of the motion for a new trial.

6. "In the absence of a special request the judge is not bound to instruct the jury as to the effect of an admission by either party to the record." *Wrightsville & Tennille R. Co.* v. *Lattimore*, 118 *Ga.* 581 (7) (45 S. E. 453). "In the absence of an appropriate request it is not error for the trial judge to omit specific reference to particular points or phases of the evidence confirmatory of the contentions of either of the parties. Before the judge is required to direct the attention of the jury to a fact which a party may deem to be material, though only collaterally involved, a ruling upon its materiality must be invoked." *Bishop* v.

24

*Georgia National Bank*, 13 *Ga. App.* 38 (4) (78 S. E. 947); *Branch* v. *Bishop*, 135 *Ga.* 110 (2) (68 S. E. 1021). Whether there was a ratification was only collaterally involved in this case, and the court was not obliged to charge thereon without a proper and timely written request.

7. There being some evidence to support the verdict, and no reversible error of law being assigned, the judgment overruling the motion for a new trial must be     *Affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 7, 1923.

Complaint; from Taylor superior court—Judge Munro.  June 19, 1923.

*A. J. Perryman,* for plaintiff.

*C. W. Foy,* for defendants.