17210.  GEORGIA STATE BANK *v.* PEACOCK *et al.*

1. It appearing that the notes sued on, which were signed in the name of Farmers & Merchants Warehouse, a partnership, were given by its manager after its dissolution, that the defendants, who had·been members of the partnership, neither authorized nor ratified the giving of the notes, that the original payee had notice of the dissolution, and that the transferee suing on them took them after maturity, the notice to the original payee was notice to the transferee and is binding upon it.
2. The demurrers to the answers were properly overruled and the refusal to grant a new trial was not error.

DECIDED DECEMBER 14, 1926.

Complaint; from Pulaski superior court—Judge Highsmith presiding.   January 6, 1926.

*Lawson & Ware,* for plaintiff.   *H. E. Coates,* for defendants.

PER CURIAM.   The Georgia State Bank brought suit upon two promissory notes, against Peacock, Henry, Sommer, Duggan, Sparrow, and Caldwell, trading under the name and style of Farmers & Merchants Warehouse.   The petition shows that the original payee of the notes was the Hawkinsville Bank & Trust Company, and that they were transferred by it to the plaintiff; and that they were signed, not by the defendants individually, but in the name of "Farmers & Merchants Warehouse (L. S.) per Sparrow, Mgr."   Verdict and judgment by default were rendered against all the defendants except Peacock and Sommer.   These two, in their  separate answers and the amendments thereto, each alleged in substance that he paid to J. H. Caldwell, then acting for the Farmers & Merchants Warehouse, $200 in full and final settlement of his liability to said warehouse, and that since said final settlement he had not authorized said warehouse to contract any debts ·of any kind for him, and he had not ratified any acts of said warehouse subsequent to said final settlement; that at the time Caldwell received this $200 he was not only acting for Farmers & Merchants Warehouse, of which partnership he was a member, but was also acting as cashier of the Hawkinsville Bank & Trust Company, the original payee of the notes sued on; that on the day on which said $200 was paid the·Farmers & Merchants

Agency, 2 C. J. p. 859, n. 78.
Appeal and Error, 4 C. J. p. 852, n. 56.
Bills and Notes, 8 C. J. p. 476, n. 14.
Partnership, 30 Cyc. p. 591, n. 21; p. 593, n. 27.; p. 651, n. 74; p. 667, n. 9; p. 673, n. 38; p. 676, n. 53 New; p. 679, n. 69.

Warehouse its existence as a partnership was formally dissolved, and that the plaintiff, Georgia State Bank, took the notes sued on after maturity. In addition to these allegations of Peacock and Sommer, Peacock's answer as amended contained an allegation that his entire connection with the warehouse up to the time of the dissolution was as agent for the First National Bank, which was the real partner in the warehouse. The plaintiff demurred to these answers, the demurrers were overruled, and the plaintiff excepted pendente lite and assigns error thereon. On the trial the "jury returned a verdict in favor of the plaintiff except in the case of Z. V. Peacock and Sam Sommer, in whose favor the jury found," and judgment was accordingly entered. The plaintiff filed a motion for a new trial, which was overruled, and upon this ruling the plaintiff assigns error.

The evidence discloses that just prior to the organization of the partnership in which the defendants were partners, the Hawkinsville Bank & Trust Company and the First National Bank of Hawkinsville had no warehouse connections, and were losing business as a result thereof; that Caldwell, cashier of the Hawkinsville Bank & Trust Company, and Mr. Peacock, connected with the First National Bank, decided to organize the warehouse partnership, and took in with them as partners the other defendants; that one of the partners, Mr. Sparrow, was manager of the warehouse; that the warehouse was not a success; that Mr. Caldwell, a member of the partnership and also cashier of the bank which was the original payee of the notes sued on, came to Mr. Peacock and suggested closing up the warehouse business, said $200 would close it up, and was handed $200 by Mr. Peacock for the purpose of paying Peacock's part of the indebtedness of the warehouse; that the defendant Sam Sommer gave a check for $200 to pay his part of the warehouse debts, and that this check had written on it "assessment in full (final)," the check and the notation thereon being written by Mr. Caldwell, cashier of the original payee bank, and signed by the defendant Sommer with the understanding that "this assessment was to close out the matter entirely;" that Mr. Sparrow, signing his name as manager, gave the notes sued on after these final payments to cover the partnership debts, and after the alleged dissolution of the partnership, and that the giving of said notes was not authorized nor ratified by the defendants

Peacock and Sommer. The suit was brought five years after the alleged dissolution. There was ample evidence to show that the partnership was dissolved before the giving of the notes sued on, and that Mr. Caldwell, the cashier of the original payee bank, was the man who instigated the move to "wind up the business" of the partnership.

"A partnership may be dissolved at any time by the mutual consent of the parties" (Civil Code, § 3162), and a dissolution "absolves the partners from all liability for future contracts and transactions." Civil Code, § 3164. "There was some evidence authorizing the finding that the partnership had been dissolved as alleged. . . This court is without authority to set aside a verdict on the ground that it is unsupported, when there is any evidence to authorize it." *Bennett* v. *Watson,* 31 *Ga. App.* 368 (1) (120 S. E. 802). Whether or not the payments made by the defendants were final, whether or not the partnership was dissolved before the notes sued on were given, and whether or not the defendants did or said anything which authorized or ratified the giving of the notes sued on, were all questions of fact for the jury, under proper instructions from the court, and there was evidence to authorize the jury's finding thereon in favor of the defendants.

The other material questions raised by the motion for a new trial are based on the contention that notice to Caldwell of the dissolution of the partnership was not notice to the Hawkinsville Bank & Trust Company, the original payee of the notes sued on. The evidence as a whole and the following evidence of the defendant Peacock in particular authorized the jury to find that Caldwell was acting for the Hawkinsville Bank & Trust Company, the original payee and transferor of the notes sued on: "The Hawkinsville Bank & Trust Company and the First National Bank were entirely out of the cotton business. We had no warehouse connections, losing all the business, and after consulting with Mr. Caldwell (cashier of the Hawkinsville Bank & Trust Company) we decided we were going to burst into it some way or other, and the organization of the warehouse was the result. . . I thought it was an undertaking of the Hawkinsville Bank & Trust Company and the First National Bank. . . I think Mr. Caldwell was at that time cashier of the Hawkinsville Bank & Trust Company. He was with them I know." This arrangement having

been made between the representatives of the two banks relative to the organization of the warehouse, and the *banks* being the ones referred to as being "entirely out of the cotton business". and wanting to "burst into it some way or other," the evidence strongly indicated that the bankers were acting for their banks; and to corroborate this conclusion one of them testified that he was acting for his bank. Caldwell being the member of the partnership who proposed to "wind up the business" of the partnership, and who received the money from defendants therefor, and also being cashier of the original payee bank which took the notes of the warehouse company after the alleged dissolution, it was reasonable for the jury to conclude that the bank had notice of the dissolution. "Notice to the agent of any matter connected with his agency is notice to the principal." Civil Code, § 3599; *Brobston* v. *Penniman,* 97 *Ga.* 527 (25 S. E. 350); *Singleton* v. *Bank of Monticello,* 113 *Ga.* 528 (2) (38 S. E. 947); *Taylor* v. *Felder,* 3 *Ga. App.* 287 (59 S. E. 844). It is admitted that the Georgia State Bank "is not an innocent holder of the notes sued on," having received them after maturity.

It appearing that the notes sued on were given by the manager of the partnership after its dissolution, that the defendants neither authorized nor ratified the giving of the notes; that the original payee had notice of the dissolution, and that the transferee took the notes after maturity, the notice to the original payee was notice to the transferee and is binding upon it.

None of the grounds of the amendment to the motion for a new trial show cause for a reversal of the judgment below. The court properly overruled the demurrers to the amended answers, and the refusal to grant a new trial was not error.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur. Bloodworth, J., absent on account of illness.*