17311. CAMBRON, or CAMERON, *v.* THE STATE.

1. "A person whose wife is a first cousin to B is not competent to serve as a juror upon the trial of A where A and B are jointly indicted for murder and, the defendants having elected to sever, A is first placed upon trial."
2. On the first trial of this case the court did not err in declaring a mistrial; nor did the court, on the second trial, err in striking the plea of former jeopardy.
3. The grounds of the motion for a new trial based upon alleged errors in the admission of evidence do not properly present any question for determination by this court. Even if the court erred in the admission of this evidence, none of it was of such character as to require the grant of a new trial.
4. For no reason alleged was there such error in any of the excerpts from the charge of which complaint is made as would require the grant of a new trial.
   (a) Under an indictment for murder the accused may be convicted of involuntary manslaughter in the commission of an unlawful act if the lesser offense is sufficiently charged in the indictment.
   (b) In the indictment in this case the offense of involuntary manslaughter in the commission of an unlawful act is sufficiently alleged.
5. The ground of the motion for a new trial based on the refusal of certain

---

Criminal Law, 16 C. J. p. 253, n. 13; p. 1094, n. 18; 17 C. J. p. 88, n. 48 New; 56 New; p. 89, n. 65 New; p. 91, n. 77; p. 317, n. 10; p. 339, n. 64.

Indictment and Information, 31 C. J. p. 858, n. 93.

Juries, 35 C. J. p. 320, n. 28.

written requests to charge is not in proper form for consideration, since it does not show that the requested instructions were pertinent and applicable to the facts of the case. *Hightower* v. *State*, 33 *Ga. App.* 73 (125 S. E. 511), and cit.

DECIDED MAY 12, 1927.

Involuntary manslaughter; from Fulton superior court—Judge Humphries. February 25, 1926.

*Harwell, Fairman & Barrett*, for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens, J. H. Hudson, J. W. LeCraw*, contra.

BLOODWORTH, J. 1. Headnotes 1 and 5 require no elaboration.

2. The record in this case shows that during the first trial thereof "two persons jointly indicted for murder elected to sever, and A was first placed on trial (thus postponing the result as to B to the verdict in the case of A) ; and after a jury had been selected and sworn and several witnesses had testified for the State, one of the jurors in the trial of A announced to the court that his wife was a first cousin to B. This statement of the juror was not contraverted, but seems to have been accepted as true by the judge and all parties to the cause. Under these circumstances the court did not err in directing a mistrial, over the objections of A, regardless of the fact that when the jury was being selected the jurors were asked whether they were related to A, but no inquiry as to their relationship to B was made." What is just above quoted is the answer by the Supreme Court to a question certified to it by this court. See *Cambron* v. *State*, 164 *Ga.* (137 S. E. 780). When the case was tried in the superior court for the second time the accused filed a plea of former jeopardy, insisting that at the time a mistrial was declared he was in jeopardy, and that the declaring of a mistrial was over his objections, "contrary to law, and without authority of law," and that the legal effect thereof was his complete acquittal. Upon motion of the solicitor-general the plea of former jeopardy was stricken. Under the rulings of the Supreme Court quoted above this was not error.

3. Each special ground of a motion for new trial must be complete and understandable within itself, without reference to any other part of the record. This court is not required to look beyond the ground itself to learn the facts or to ascertain error. *Franklin* v. *State*, 28 *Ga. App.* 460 (1 *a, b, c*) (112 S. 8. 170).

"Under repeated rulings of the Supreme Court and of this court a special ground of a motion for a new trial must be complete and understandable within itself, and the reviewing court will not consider a ground which complains of the admission of specified evidence, the materiality of which can not be determined without an examination of the brief of evidence or some other part of the record. Nor is the admission of immaterial and irrelevant evidence, not shown to have been harmful, cause for a new trial. *Thompson* v. *Thompson,* 77 *Ga.* 692 (7) [3 S. E. 261]; *Armour Fertilizer Works* v. *Dwight,* 22 *Ga. App:* 144 (3) (95 S. E. 746); *Milwaukee Mechanics Ins. Co.* v. *Rawls,* 26 *Ga. App.* 584 (1) (107 S. E. 262)." *Hamrick* v. *Stewart,* 29 *Ga. App.* 220 (4) (114 S. E..723). Under the principle announced in the foregoing cases we are not called upon to consider the assignments of error in grounds 1 to 6, inclusive, of the motion for a new trial. Even if the court erred in admitting the evidence referred to in these grounds, it is not shown to be of such character as to require the grant of a new trial.

4. For no reason alleged was there such error in any of the excerpts from the charge of which complaint is made in the motion as would require the grant of a new trial.

(*a*) "Under an indictment for murder the accused may be convicted of a lower grade of felony, or even of a misdemeanor, if the lesser offense is one involved in the homicide and is sufficiently charged in the indictment." *Watson* v. *State,* 116 *Ga.* 607 (4) (43 S. E. 32, 21 L. R. A. (N. S.) 1). The indictment in the instant case charges that the accused did "kill and murder one Ralph Elliott, by then and there running and driving an automobile over, against, and upon the said Ralph Elliott, thereby causing and inflicting injuries, wounds and bruises upon his body from which he, the said Ralph Elliott, died." This sufficiently charges the offense of involuntary manslaughter in the commission of an unlawful act. *Reams* v. *State,* 24 *Ga. App.* 135 (1-*a*) (100 S. E. 230).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*